In re Kathryn Jessica WARE, a/k/a Kathryn Jessica Jackson, Debtor.

Bankruptcy No. 80–01808–1–13.

United States Bankruptcy Court, W. D. Missouri, W. D.

Feb. 24, 1981.

Thomas F. Gordon, Thomas L. Lasley, Kansas City, Mo., for Avila College.

Maurice B. Soltz, Kansas City, Mo., for debtor.

Rita A. Rhodes, Kansas City, Mo., Trustee.

## MEMORANDUM OPINION AND ORDER

FRANK P. BARKER, Jr., Chief Judge.

This is an action brought by creditor Avila College, a private non-profit institution of higher education, objecting to the confirmation of the debtor's Chapter 13 plan. The additional issue of the propriety of Avila College's withholding of the debtor's student transcript is also presented. Trial was held before this Court September 30, 1980, all parties being represented in person and by counsel.

The facts indicate that the debtor received some $2,148.21 in loans while she was a student at Avila College, from August 29, 1973 through January 1, 1978. The debtor has made no payments on these loans and is in default. These loans were National Direct Student Loans made pursuant to Part E of Title IV of the Higher Education Act of 1965, as amended.

## OBJECTION TO THE PLAN

Avila College has objected to their inclusion in the proposed plan under the class of unsecured creditors to be paid 20% of their respective claims, contending that the debt is non-dischargeable in bankruptcy under the provisions of 11 U.S.C. § 523(a)(8).

Unless the debtor seeks a "hardship" discharge under § 1328(b) there is no requirement that this type debt may not be discharged under a Chapter 13 plan. Further, there is no requirement under the Code that such objection is a bar to confirmation of a Chapter 13 plan.

This is a 38 month plan, with the debtor paying 50% of her take-home pay (or $400.00 per month) into it. The plan proposes to pay secured creditors to value 100% pro rata; and pay unsecured creditors and balances of the secured creditors 20% per capita. This Court finds that these payments represent the best effort which the debtor can apply against the scheduled indebtedness.

As all six elements of § 1325 are present, the debtor's Chapter 13 plan was confirmed on September 30, 1980.

## DEMAND FOR TRANSCRIPT

Debtor states that she desires to attend Rockhurst College in Kansas City, Missouri; that she requested her transcript from Avila College in writing on or about July 25, 1980; and that they have refused to tender a transcript to the debtor.

In support of her demand for Avila to turn over her transcript, debtor cites *In Re Heath*, 3 B.R. 351 (Bkrtcy., N.D.Ill.1980) a case which, except for a state action versus private action distinction, is on all fours with our facts. In that new Code case a Chapter 13 debtor, whose confirmed 10% composition plan included a student loan owed to a state university, was refused on a demand for transcript until the debt was paid in full.

*Heath* held that the state university must provide the transcript, finding that the university actions (1) discriminated against the debtor in violation of 11 U.S.C. § 525; and

(2) contravened the automatic stay provision of 11 U.S.C. § 362.

§ 525 prohibits governmental units from discriminating against a bankrupt based solely on the basis of his bankruptcy. *Heath* determined that there was no question that a state college is subject to § 525, as that from the legislative history it extends to quasi-governmental units. While the debtor alludes that § 525 may apply to private parties, this Court finds that § 525 is not even applicable to the case at bar.

The *Heath* court in holding that the university's action violated the automatic stay provisions of 11 U.S.C. § 362, reasoned that *Girardier v. Webster College*, 563 F.2d 1267 (8th Cir. 1977) and *Handsome v. State University of New Jersey*, 445 F.Supp. 1362 (D.N.J.1978) were decided before the enactment of the Bankruptcy Code, and that to the extent *Girardier* and *Handsome* limited the automatic stay provisions to "legal" proceedings for debt collection, they have been legislatively overruled.

The new Code not only provides a prohibition against legal action by a creditor against a debtor (§ 362(a)(1)), but also a prohibition against "any act to collect, assess or recover a claim against the debtor . . ." (§ 362(a)(5)). This Court agrees with *Heath*, that *Girardier* and *Handsome* have been legislatively overruled by § 362 of the new Code.

The facts indicate that the sole purpose of Avila College denying a transcript to the debtor is a method used to force debt collection. Such conduct is in clear violation of § 362(a)(6) of the Bankruptcy Code. It is

ORDERED that Avila College provide the debtor a certified copy of her academic record upon receipt of the customary fee. It is

FURTHER ORDERED that the objections to confirmation are denied.