In re Robert L. JOHNSON, Debtor.

Robert L. JOHNSON, Plaintiff,

v.

EDINBORO STATE COLLEGE and Pennsylvania Higher Education Assistance Agency, Defendants.

Bankruptcy No. 80–2130.

Adv. No. 81–389.

United States Bankruptcy Court, W.D. Pennsylvania.

March 5, 1982.

Memorandum Order Nov. 30, 1982.

John J. Morgan, Pittsburgh, Pa., for debtor-plaintiff.

Jack E. Solomon, Cynthia M. Danel, Pittsburgh, Pa., for Edinboro College.

Jane G. Penny, Killian & Gephart, Harrisburg, Pa., for Pa. Higher Education Assistance Agency.

MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This Court entered an Order on June 15, 1981 which held the debt owing to the Defendant, Edinboro State College, was nondischargeable pursuant to 11 U.S.C. § 523(a)(8). The second part of that order held that the Defendant must not deny the Debtor access to his diploma or transcript if the purpose for withholding these certificates is to force a debt collection.

Edinboro State College filed a Motion for Reconsideration of the Court's order directing that the transcript had to be returned to the Debtor.

■ The Court must answer this question: Can Edinboro State College be allowed to deprive the Debtor of his transcript of academic performance because the Debtor has failed to repay his outstanding prepetition loan even though these loans were not discharged in the Debtor's Bankruptcy proceeding?

DISCUSSION

In the case of *Lee v. Board of Higher Education in City of N.Y.*, 1 B.R. 781 (D.C. N.Y.1979), a student brought an action challenging the constitutionality of a state college's policy of denying transcripts to students who have not repaid their education loans, although they had been discharged in bankruptcy. The Plaintiff was therefore faced with the possibility of repeating 32 credits of academic course work already completed in order to qualify for a degree at a subsequent school of higher education.

The Court granted summary judgment enjoining the enforcement of the Defendant's policy of denying transcripts for failure to repay educational loans, although it limited its holding to those members of the certified putative class of persons who had received discharge of their student loans.

The Court stated the cycle caused by the Defendant's practice as follows:

Because of the inability to pay one's debts, one is prevented from obtaining a copy of one's transcript, which leads to the inability to provide proof of previous education, which puts obstacles in the way of gaining further education and employment, which leads to an inability to keep current with one's debts. 1 B.R. 781 at 788.

The Plaintiff's request must be granted to prevent this same series of events from occurring regardless of the fact that the Debtor's educational loan has not been discharged in bankruptcy.

In *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) the United States Supreme Court was faced with a situation in which an unsatisfied tort judgment, arising out of an automobile accident, would subject the judgment debtor to suspension of his driver's license. Although the judgment debt had been discharged in bankruptcy, the Court noted that the Arizona statute acted as "a powerful weapon with which to force bankrupts to pay their debts despite their discharge," 402 U.S. at 654, 91 S.Ct. at 1713. Similarly, this practice in the instant case is a powerful tool to the payment of a debt since the economic consequences of deprivation of a transcript are severe.

The Court in *Perez v. Campbell*, supra, further added that the primary purpose of the Bankruptcy Act was to give debtors a new opportunity in life and that since the Arizona statute stood as a major obstacle to the fulfillment and execution of the objectives of Congress, the Act was in violation of the Supremacy Clause of the Constitution. The Court found that the statute had the effect of frustrating the federal bankruptcy law and stated that "even if a state law had some purpose other than to frustrate federal law, it would still be unconstitutional if it had the effect of frustrating federal law," 402 U.S. at 654, 91 S.Ct. at 1713.

Analysis of the language of 11 U.S.C. § 525 and its legislative history indicates that the holding in *Perez v. Campbell,* supra, should not be narrowly confined to those facts but may be properly construed to prohibit discrimination against debtors subjected to conduct inconsistent with the spirit of the Bankruptcy Code.

In *Handsome v. State University of New Jersey,* 445 F.Supp. 1362 (D.C.N.J.1978), a state university refused to provide a transcript to the Plaintiff, a former student, until she paid off a student loan owed to the Defendant despite the fact that the Plaintiff had obtained a discharge of the loan in a Chapter 7 proceeding. The Court held that (I) the state may not by its actions retard, impede, burden or in any manner control the operations of the laws enacted by Congress, citing *McCulloch v. Maryland,* 4 Wheat. 316, 436, 17 U.S. 316, 436, 4 L.Ed. 579 (1819); (2) the Defendant's practice of withholding the Plaintiff's transcript transgressed upon the "fresh start" policies of the Bankruptcy Act, and are therefore violative of the Supremacy Clause. The Court added that:

It is unlikely that any college or university will admit plaintiff without a transcript of their prior work, or would permit her to repeat for credit courses already taken elsewhere. The only purpose of the state university's refusal to provide the Plaintiff with a transcript was to recoup monies owed. 445 F.Supp. at 1365.

On the basis of the rationale above, the Court held that "the state university may neither withhold the fruits of their prior education, nor thwart them in their attempts to seek a 'fresh start' through a college education," 445 F.Supp. at 1368.

The logic of the cases cited above has been applied where dischargeability of the college loan has been granted, but the logic is equally applicable where the dischargeability has been denied.

In *Matter of Heath,* 3 B.R. 351 (Bkrtcy. Ill.1980), the Court was asked to answer the query of whether the university's action in withholding Heath's transcript was improper. It held that since the petitioner's tran-

script had no intrinsic value to the university and that the Defendant was withholding the transcript for the sole purpose of compelling the petitioner to pay a pre-petition debt, their action was in contravention of the Bankruptcy Code.

The university in *Matter of Heath,* supra, contended that the principals exposed in *Handsome v. Rutgers University, Etc.,* supra, are distinguishable because they believed that *Handsome* is only applicable *after* the Debtor has been granted a discharge. The Court found the argument nonpersuasive and said:

> The proscriptions of Section 525 are applicable to discriminatory actions prompted by a Debtor's recourse to the protection of the Bankruptcy laws *regardless* of whether the debtor has obtained a discharge. 3 B.R. 351 at 353. [Emphasis added.]

This Court believes that the Defendants' conduct is in contravention of the policy and spirit of the Bankruptcy Code, and therefore the Motion for Reconsideration filed by the Defendants will be denied.

An appropriate Order will issue.

### MEMORANDUM ORDER

AND NOW, this 30th day of November, 1982, upon review of record on appeal; the appellant's brief, and all pertinent authorities,

IT IS ORDERED that the order of the bankruptcy court dated March 5, 1982, at Adversary No. 81–389, denying appellant's motion for reconsideration of the bankruptcy court's order of June 15, 1981, which directed that appellant provide debtor access to his diploma and transcript of academic performance, be, and the same hereby is affirmed based upon the authority and reasons set forth in the well-reasoned opinion of the bankruptcy court dated March 5, 1982, which is adopted herein, and upon the additional authority of *In re Ware,* 9 B.R. 24 (Bkrtcy.W.D.Mo.1981); *In re Howren,* 10 B.R. 303 (Bkrtcy.D.Kan.1980).