In re Janice P. **REESE**, f/k/a Janice P. Whitehead, f/k/a Janice Lynn Pritchett, Debtor.

**Bankruptcy No. 83–05233A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 26, 1984.

Herbert E. Heitman, Harvey & Jarnagin, Atlanta, Ga., for debtor.

Lucy T. Sheftall, Atlanta, Ga., for respondents.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the motion by the debtor, Janice P. Reese, (hereinafter referred to as the "Debtor"), to compel the release of college transcripts by the University of Georgia, Athens, Georgia. Following a hearing on March 7, 1984, this matter was taken under advisement.

## STATEMENT OF FACTS

The facts, which are not in dispute, are as follows: The Debtor filed her petition for relief under Chapter 13 of the Bankruptcy Code on November 29, 1983. At or about the end of January, 1984, the Debtor made a written request to the University of Georgia that her transcripts be released. The University of Georgia responded with a form memorandum setting forth the position of the University of Georgia regarding the collection of delinquent student loans. This memorandum, sent to the Chief Business Officers of the University System of Georgia from Shealy McCoy, Vice Chancellor for Fiscal Affairs, states in its entirety as follows:

> As you are aware, this subject is of paramount importance at this time.
>
> We have taken the position that a successful bankrupt is not entitled to receive an official copy of his transcript, although he cannot be *required* to repay the student loan.
>
> Until you hear to the contrary from me, this policy shuld be followed. There have been occasions in the University System where this policy has resulted in the collection of a loan several years after the bankruptcy was declared.

The Debtor's Chapter 13 plan proposes to pay 1% of her unsecured debts, the largest of which is a $3,500.00 obligation to the University of Georgia under a student loan. The Court confirmed the Debtor's Chapter 13 plan by its Order dated March 19, 1983.

## DISCUSSION

The question presented is whether the stated policy of the University of Georgia to withhold transcripts in an effort to collect an otherwise dischargeable student loan violates the automatic stay provision of § 362(a) or, in the alternative, violates the prohibition against discriminatory

treatment found in § 525 of the Bankruptcy Code. For the reasons set forth below, the Court holds that the University of Georgia must release the requested transcripts in order to comply with §§ 362(a) and 525.

■ The case law is well settled that student loans may be composed through a Chapter 13 plan of reorganization. *In re Estus*, 695 F.2d 311 (8th Cir.1982) (Chapter 13 plan proposed in good faith despite provision for zero payments to unsecured creditors, including the holder of a note for a student loan); *In re Martini*, 28 B.R. 932 (Bkrtcy.S.D.N.Y.1983) (Chapter 13 plan confirmed which proposes to pay the New York State Higher Education Services Committee, the only listed creditor, 10.48% of the outstanding indebtedness for a student loan); *In re Lambert*, 10 B.R. 223, 7 BCD 565 (Bkrtcy.E.D.N.Y.1981) (Student loan composed with other unsecured debts at 1%); *In re Syrus*, 12 B.R. 605 (Bkrtcy.D. Kan.1981) (Although a student loan would in all probability be nondischargeable in a case under Chapter 7, the Court confirmed a 70% composition plan under Chapter 13). See also Lee, Joe, "Chapter 13 nee Chapter XIII", 53 *Am.Bky.L.J.* 307 (Fall, 1979). Because student loans are dischargeable under Chapter 13, cases decided under Chapter 7 are inapposite to the situation at hand. The cases cited by the parties may be grouped into three distinct categories.

## I.

The Debtor cites *Lee v. Bd. of Higher Ed.*, 1 B.R. 781 (S.D.N.Y.1979), in furtherance of its position in the case *sub judice.* However, *Lee* is distinguishable in that the party seeking the release of transcripts had already received a discharge in bankruptcy, which included a discharge of the educational loan. The Court in *Lee* held that the policy of the state university to withhold transcripts from persons who had discharged student loans contravened the Bankruptcy Act and denied equal protection of the laws under the Fourteenth Amendment. *Lee v. Bd. of Higher Ed.*, 1 B.R. at 787, 788. Because the Debtor in

this case has not yet received a discharge, *Lee* is not squarely on point.

## II.

The University of Georgia relies heavily upon a recent decision by the United States Court of Appeals for the Third Circuit in *Johnson v. Edinboro State College*, 728 F.2d 163 (3d Cir.1984). This Third Circuit decision reversed the decision of the Bankruptcy Court, 28 B.R. 406 (Bkrtcy.W.D.Pa. 1982), which had been affirmed by the District Court and cited in the debtor's brief in support of her motion to compel the release of transcripts.

In *Johnson,* the Third Circuit concluded that a state college was permitted to retain the transcripts of a debtor whose educational loans were not dischargeable in a Chapter 7 proceeding.

Section 523(a)(8) provides that an educational loan made, insured, or guaranteed by a governmental unit is nondischargeable unless an exception in subsection 523(a)(8)(A) or 523(a)(8)(B) applies. The Third Circuit stated that "it is abundantly clear from both the legislative history and the text of the Bankruptcy Code itself that Congress meant to bar the discharge of educational loans like those Johnson received through Edinboro State College." *Johnson v. Edinboro State College*, 728 F.2d at 164. Nevertheless, the Third Circuit recognized that the discharge under Chapter 13 is broader than the discharge under Chapter 7, and the Court expressly distinguished its holding from those Chapter 13 cases which reach a contrary result. *Johnson v. Edinboro State College*, 728 F.2d at 166.

## III.

Two cases have been cited by the Debtor which are on all fours with the case before the Court. *In the Matter of Heath*, 3 B.R. 351 (Bkrtcy.N.D.Ill.1980); *In re Ware*, 9 B.R. 24 (Bkrtcy.W.D.Mo.1981). Although these cases are not binding upon this Court, the Court finds their rationale persuasive.

*Heath* involved an effort by a Chapter 13 debtor to obtain transcripts from a state educational institution. The Chapter 13 plan proposed to compose his student loan at 10%. The Bankruptcy Court in *Heath* held that to withhold the debtor's transcripts violated both §§ 362 and 525 of the Bankruptcy Code. In *Ware*, the Chapter 13 debtor proposed a 20% composition plan. Because the school which had withheld the debtor's transcripts was not a state educational institution, the Court found that § 525 of the Bankruptcy Code was not applicable but that the school was in violation of the automatic stay of § 362(a)(6) of the Bankruptcy Code.

▮ An excerpt from the Court's opinion in *Heath* is relevant:

In the instant case there is no question that the University, a state college, is subject to § 525. It is apparent from the legislative history quoted above that § 525 extends to action by quasi governmental units. Consequently, the only issue to be resolved is whether the University's action in withholding Heath's transcript is inconsistent with the Bankruptcy Code.

Obviously, Heath's transcript, as such, has no intended value to the University. Thus, the Court finds that the University is withholding Heath's transcript for the sole purpose of compelling Heath to pay a prepetition debt, which debt may ultimately be discharged in Heath's Chapter 13 proceeding. By holding Heath's transcript hostage, the University seeks to circumvent Heath's composition plan, which includes the debt owed to the University and has been confirmed by this Court.

*In the Matter of Heath,* 3 B.R. at 353. The University of Georgia is similarly attempting to collect a prepetition debt, and this action is barred under §§ 362(a) and 525 for the reasons elaborated in *Heath.*

The University of Georgia argues that the automatic stay has not been violated because the student loan would be nondischargeable in the event that the Debtor fails to complete her payments under the Chapter 13 plan and receives a hardship discharge under § 1328(b), or her Chapter 13 case is converted to a case under Chapter 7 or dismissed. The Court finds this argument unconvincing given the importance of the Debtor's transcripts to her endeavor to find gainful employment or to continue her education. Accordingly, the Court declines to permit the University of Georgia to retain the Debtor's transcripts until a discharge under § 1328(a) has been obtained.

## CONCLUSION

On the basis of the foregoing, the University of Georgia shall be and is hereby ORDERED to release the Debtor's transcripts immediately upon the payment of the appropriate handling charge.