In re Elnora PARHAM, a/k/a Elnora Gertrude Parham, Debtor.

**VIRGINIA UNION UNIVERSITY, Plaintiff,**

v.

**Elnora PARHAM, Defendant.**

Bankruptcy No. 85–00875–R.

Adv. No. 85–0240–R.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Jan. 2, 1986.

Randall G. Johnson, Richmond, Va., for plaintiff.

James W. Speer, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the motion of the plaintiff, Virginia Union University ("Virginia Union"), to terminate the automatic stay of 11 U.S.C. § 362 in order to attempt collection of funds owing by the defendant, Elnora Parham ("Parham"), due to student loan obligations. Parham filed a counterclaim for civil contempt against Virginia Union for its failure to release a prepetition garnishment and its refusal to release Parham's academic transcript. A pretrial conference was convened on October 9, 1985, and upon dismissal of Virginia Union's motion and the release of its prepetition garnishment, the sole issue before the Court is the civil contempt arising out of the alleged impropriety of Virginia Union withholding Parham's transcript. As the facts are substantially uncontroverted, and upon an examination of the briefs filed by the parties, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The debtor and defendant in this proceeding, Parham, filed a petition for relief under Chapter 13 of Title 11 of the United States Code on June 6, 1985.[1] The plain-

---

1. The debtor filed a petition under Chapter 7 of the Bankruptcy Code on May 17, 1984 and received a discharge on August 28, 1984. The debt due Virginia Union was scheduled in the Chapter 7 proceeding. However, no suit was instituted by either the debtor or Virginia Union to determine the dischargeability of that debt

under 11 U.S.C. § 523(a)(8). The subsequent actions of Virginia Union may have precipitated the filing of this Chapter 13 petition.

In addition, because the sole issue before the Court in this proceeding is the propriety of Virginia Union's practice of withholding transcripts from students' past due accounts, the

tiff, Virginia Union, a private college located in Richmond, Virginia, was listed as a creditor in the plaintiff's list of unsecured debts in the amount of $1,977.00. Virginia Union on June 24, 1985 filed a motion to terminate the automatic stay imposed by 11 U.S.C. § 362 in order to attempt collection of the funds Parham owed because of student loan obligations. The motion was subsequently dismissed; however, prior to its dismissal Parham filed a counterclaim for civil contempt for Virginia Union's failure to release a prepetition garnishment, and also for its refusal to release her academic transcript upon her demand. Virginia Union has stated that it has a standard policy of withholding transcripts from students with past due accounts.

After its motion to terminate the stay was filed, Virginia Union subsequently released the garnishment prior to a pretrial conference convened in this matter on October 9, 1985; however, it continues to withhold Parham's transcript.

## CONCLUSIONS OF LAW

The issue in this adversary proceeding is whether or not Virginia Union's stated policy of withholding transcripts from students with past due accounts contravenes the automatic stay provisions of 11 U.S.C. § 362 when the student is a debtor under Chapter 13 of the Bankruptcy Code. Although the basic issue is one of first impression in this Court, other courts have spoken to the problem and they provide some valuable precedential guidance.

One of the first decisions to address the propriety of withholding student transcripts under the Bankruptcy Code of 1978 is *Matter of Heath*, 3 B.R. 351 (Bankr.N.D. Ill.1980). In *Heath*, a state university refused to release the transcript of a former student with a delinquent student loan, and the school maintained its position even after the student filed a petition under Chapter 13 of the Bankruptcy Code. Among

the grounds on which the student challenged the school's action was an alleged violation of § 362.

The *Heath* court gave particular emphasis to the language of § 362(a)(6), which provides as follows:

> (a) except as provided in subsection (b) of this section, a petition filed under § 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(6). *Heath* concluded that the language of § 362(a)(6) and its legislative history evidenced Congress intent to prohibit creditors from collecting prepetition debts by *any* means. (Emphasis in original.) *Heath*, 3 B.R. at 355. Moreover, as the court found that the sole purpose behind the school's conduct in withholding the debtor's transcript was to collect the prepetition debt, the school was clearly in violation of the stay. *Id.*

Other courts have followed the *Heath* analysis, including *In re Ware*, 9 B.R. 24 (Bankr.W.D.Mo.1981). The facts in *Ware* are nearly identical to the facts in the present proceeding, and the court concurred with the *Heath* decision finding that the sole purpose of withholding the student's transcript· was to collect a prepetition debt. As such, the school in *Ware* was also found to be in violation of § 362(a)(6).

*Heath* and *Ware* are particularly helpful in this proceeding in that they both distinguish *Girardier v. Webster College*, 563 F.2d 1267 (8th Cir.1977), a case upon which Virginia Union heavily relies. *Girardier* was decided under the Bankruptcy Act of 1898, as amended, and it held that the automatic stay imposed by 11 U.S.C. § 32(f)(2) (now repealed) applied only to the initiation of formal legal proceedings to collect prepetition debts. In *Girardier,*

Court need not consider the issue of good faith          in Parham's Chapter 13 filing.

withholding the student's transcript was found to be permissible since it amounted to an informal means of inducing the student to pay his debt. *See Girardier*, 563 F.2d at 1272. However, due to the language of § 362(a)(6), and the legislative history indicating that Congress intended to prohibit the collection of prepetition debts by any means, *Girardier* has been legislatively overruled.[2] *In re Heath*, 3 B.R. at 354, 355 (Bankr.N.D.Ill.1980); *In re Ware*, 9 B.R. 24, 25 (Bankr.W.D.Mo.1981); *see also In re Lanford*, 10 B.R. 132, 133 (Bankr.D.Minn.1981).

It should be noted that the students in both the *Heath* and *Ware* decisions were debtors under Chapter 13 of the Bankruptcy Code, as is Parham, the debtor in this case. This Court is also in accord with *In re Reese*, 38 B.R. 681 (Bankr.N.D.Ga.1984) and *Johnson v. Edinboro State College*, 728 F.2d 163 (3rd. Cir.1984), which provide that an educational institution may withhold a student's transcript where the debt which is the basis of such action is not dischargeable in bankruptcy. In *Johnson*, the Third Circuit distinguished those cases which a debtor files under Chapter 13 and Chapter 7 of the Bankruptcy Code, because

under Chapter 7, certain student loan obligations may be nondischargeable under 11 U.S.C. § 523(a)(8).[3] Student loan obligations are discharged in Chapter 13 by the more liberal discharge provisions of 11 U.S.C. § 1328(a).[4]

*Johnson* held that since Congress made certain student loans nondischargeable in Chapter 7, it would not be a violation of the automatic stay to withhold a student's transcript in order to collect a debt which the student still has an obligation to repay. However, as the debtor under Chapter 13 develops a schedule of payments as part of a good faith effort to repay creditors, upon the successful completion of a confirmed Chapter 13 plan the debtor will receive a discharge of all debts provided for in the plan, including student loan obligations. Therefore, it is not permissible to allow a school to retain a Chapter 13 debtor's transcript. *Johnson*, 728 F.2d at 166.

*Reese* concurred with *Johnson* and dismissed the argument that because the debtor might not complete a plan of arrangement under Chapter 13, and therefore the student loan might not be dischargeable, the school should be able to withhold the student's transcript until discharge.

---

**2.** Virginia Union argues that the *Girardier* holding is still in effect, and it cites *In re Barbee*, 14 B.R. 733 (Bankr.E.D.Va.1981) as authority for its position. *Barbee*, however, dealt with a private employer terminating the employment of an individual who had filed for relief under Chapter 7 of the Bankruptcy Code. In considering the law under the Bankruptcy Act of 1898, as amended, this Court in *Barbee* was looking for a basis for interpretation of 11 U.S.C. § 525, which, at the time the case was decided, dealt solely with discrimination by governmental units against debtors under the Bankruptcy Code.

*Girardier* provided some useful background for developing an interpretation of § 525, but with regard to § 362(a)(6) of the Bankruptcy Code, Congress has sufficiently altered the law under the Bankruptcy Reform Act of 1978 to render *Girardier* inapplicable.

**3.** 11 U.S.C. § 523(a)(8) provides as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non-profit institution, unless

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under the paragraph will impose an undue hardship on the debtor and the debtor's dependents.

**4.** 11 U.S.C. § 1328(a).

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

The court in *Reese* held that in a Chapter 13 plan the debtor should be able to obtain a copy of her transcript, "given the importance of a debtor's transcript to her endeavor to find gainful employment or to continue her education." As such, the *Reese* court refused to permit the school involved to withhold the debtor's transcript until she received her discharge under § 1328(a).

For the foregoing reasons, the Court finds that Virginia Union is not within its rights in retaining Parham's transcript until she becomes current on her student loan obligations. The case law is clear that a petition under Chapter 13 prohibits a creditor from attempting to collect any debt by any act, provided that such debt would be dischargeable under Chapter 13. Accordingly, Parham is entitled to a copy of her transcript upon the payment of the requisite processing fee.

The Court also concludes that the conduct of Virginia Union does not rise to the level of contempt in this matter. However, as the school has been apprised of what the Court considers to be the law in this proceeding, further activity in withholding transcripts based upon debts which are dischargeable in bankruptcy may give rise to a finding of civil contempt.

An appropriate order will issue.