**In re Angelia L. Doby WALKER, Debtor.**

No. 04–7637–3P3.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 19, 2005.

Mark G. Alexander, Holland & Knight LLP, Jacksonville, FL and Michael A. Sjuggerud, Holland & Knight LLP, Orlando, FL, for Jacksonville University.

Mamie L. Davis, Jacksonville, FL, for trustee.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This Case is before the Court upon Debtor's Motion for Sanctions For Violation of the Automatic Stay against Jacksonville University ("JU") and R.C. Services Inc. After a hearing held on October 26, 2005, the Court makes the following Findings of Fact and Conclusions of Law:

### *FINDINGS OF FACT*

1. On July 26, 2004, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. On July 19, 2005, Debtor's Chapter 13 plan was confirmed by the Court.

3. JU is a nonprofit educational institution. (T 15). Prepetition Debtor was enrolled as a student at JU. (T 10).

4. Upon registering at JU, Debtor executed three documents in favor of JU entitled "Tuition Payment Form 2001/2002 Academic Year" ("Tuition Payment Forms"). (JU Ex. 1–3).

5. By signing the Tuition Payment Forms, Debtor agreed that if she were unable to receive financial aid that she would be still be responsible for her tuition, and that JU would have the right to withhold her transcripts until all outstanding debts owed to the university were paid in full.

6. Subsequent to Debtor executing the Tuition Payment Forms, she was deemed by the federal government to be ineligible for financial aid. (T 11). As a result of this determination, JU remitted any federal aid that had been posted to Debtor's student account back to the federal government. (T 22)

7. Subsequently, Debtor withdrew from classes at JU. (T 11). Due to the outstanding debt she owed, JU refused Debtor's requests to release her transcripts. (T 9).

8. R.C. Services is a company that provides collection services to universities. (T 25). In an attempt to collect the debt owed by Debtor for her unpaid tuition, JU assigned its interest in Debtor's account to R.C. Services for collection. (T 26).

9. On July 14, 2005, Debtor telephoned R.C. Services and requested a statement of account for her debt to Jacksonville University. (T 12). Pursuant to Debtor's request, R.C. Services sent Debtor her account statement. (T 28). JU was not involved in sending Debtor the account statement.

10. The Statement of Account Debtor received from R.C. Services contained the language mandated by the Consumer Credit Protection Act ("CCPA"), that is was "an attempt to collect a debt."

### CONCLUSIONS OF LAW

The instant case presents the Court with two issues. The first issue presented is whether JU is in violation of either 11 U.S.C § 525 or 11 U.S.C. § 362 of the Bankruptcy Code by continuing to withhold the Debtor's transcripts, despite the knowledge that Debtor filed a petition in bankruptcy on September 12, 2005. The second issue for the Court's determination is whether either J.U. or R.C. Services violated the automatic stay when R.C. Services sent Debtor an account statement post-petition.

### I  *11 U.S.C. § 525*

11 U.S.C. § 525 prohibits a governmental unit that operates a student grant or loan program from discriminating against a debtor solely on the basis of his or her bankruptcy. As JU is a private university, the Court finds that 11 U.S.C. § 525 is clearly not applicable in the instant case.

### II  *11 U.S.C. § 362*

Pursuant to 11 U.S.C. § 362(a)(6) the automatic stay prevents any act by a creditor, "to collect, assess, or recover a claim that arose before the commencement of the case..." Pursuant to 11 U.S.C. § 363(h), a debtor may pursue a claim for damages in instances in which a willful violation of the automatic stay is found to have occurred.

11 U.S.C. § 363(h) provides:

"An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."

### A.  *Debtor's Transcripts*

JU asserts that no violation of the automatic stay occurred, and that pursuant to the Tuition Payment Forms Debtor executed, it maintains the right to withhold delivery of Debtor's transcripts. In sup-

port of its position, JU cites to a case in which a debtor unsuccessfully sought to compel Temple University to turnover transcripts that were being withheld for non-payment of a student loan. *In re Billingsley*, 276 B.R. 48, 53 (Bankr.D.N.J. 2002). In *Billingsley*, the court held that the collection of a nondischargeable debt is not stayed by 11 U.S.C. § 362.[1] *Id.* Specifically, the court stated that, ". . . Temple University's withholding of the transcripts is merely a refusal to perform on a promise to create and deliver a record of the debtor's academic performance. Such conduct is wholly consistent with the very purpose of the automatic stay: to maintain the status quo that exists at the time of the debtor's bankruptcy filing." *Id.*

In opposition to JU's argument, Debtor asserts the university has committed a violation of the automatic stay, by refusing to turn over her transcripts. As discussed below, various courts around the country have held that it is a violation of the automatic stay for a university to withhold a student debtor's transcripts.[2]

"A violation of 11 U.S.C. § 362 arises when a pre-petition creditor withholds a student debtor's transcript." *Andrews University v. Merchant*, 958 F.2d 738 (6th Cir.1992). In addition to holding that it is a violation of § 362 to withhold a debtor's transcripts, the court in *Andrews* also held

that educational loans are not an exception to the automatic stay. *Id.* at 743. The court stated that the automatic stay to creditors of student loans stays in effect until "(1) the case is closed, (2) the case is dismissed, or (3) a discharge is granted or denied." *Id.*

In a similar case, a bankruptcy court held that although § 525 was not applicable, as the school that withheld the transcripts was not a state school, the school was in violation of § 362 for withholding the debtor's transcripts. *In re Ware*, 9 B.R. 24 (Bankr.W.D.Mo.1981).

Additionally, a bankruptcy court in the Northern District of Georgia, held that the University of Georgia's policy to withhold a debtor's transcript, in an effort to collect a loan, was a violation of the automatic stay provision of § 362 as well as a violation of § 525. *In re Reese*, 38 B.R. 681 (Bankr.N.D.Ga.1984). The court in *Reese* also found the university's argument, that the automatic stay had not been violated because the loan would be nondischargeable in the event Debtor were to fail to complete her Chapter 13 payments, to be without merit. *Id.* at 683. The court correctly reasoned that it found the university's argument, "unconvincing given the importance of Debtor's transcript to her endeavor to finding employment or to continue her education." *Id.*

---

1. In this Court's opinion, the court in *Billingsley* erroneously relied upon a Supreme Court case which held that a bank did not violate the automatic stay by placing a temporary administrative hold on a bank account while it sought relief from the automatic stay to exercise its right of setoff. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). In *Strumpf* the Supreme Court stated a critical factor in its decision was that the administrative hold was not intended to be permanent, but only intended to continue so long as it was necessary to ask the bankruptcy court for relief from the stay. *Id.* However, the court in *Billingsley* ignored the requirement that the creditor

must promptly file a motion for relief from stay. *In re Billingsley*, 276 B.R. at 53.

2. The courts in the following list of cases held that the withholding of a debtor's transcripts, by a university, is a violation of the automatic stay: *In re Gustafson*, 111 B.R. 282 (9th Cir. BAP 1990), rev'd. on other grounds 934 F.2d 216 (9th Cir.1991); *In Re Parham*, 56 B.R. 531 (Bankr.E.D.Va.1986); *In re Reese*, 38 B.R. 681 (Bankr.N.D.Ga.1984); *In re Ware*, 9 B.R. 24 (Bankr.W.D.Mo.1981); *In re Heath*, 3 B.R. 351 (Bankr.N.D.Ill.1980); *In re Howren*, 10 B.R. 303 (Bankr.D.Kan.1980).

Although not binding authority upon this Court, the Court finds the cases that have held it is a violation of 11 U.S.C. § 362(a)(6), for a university to withhold a debtor student's transcripts, to be very persuasive. Thus, based upon the above mentioned cases, as well as this Court's own reading of § 362, the Court finds that JU violated the automatic stay when it refused to release Debtor's transcripts.

### B. *Debtor's Statement of Account*

██ Debtor also asserts that JU and R.C. Services violated the automatic stay when R.C. Services sent a statement of account to her that contained collection language. However, in regards to JU, the evidence and testimony presented show that JU never sent or was involved in sending an account statement to Debtor. Thus, the Court finds that no violation of the automatic stay occurred on JU's behalf in reference to this issue.

██ As to R.C. Services, Debtor admittedly requested, during a self-initiated phone call to R.C. Services, that she be sent a statement of account. (T 12). There was no evidence or testimony proffered that R.C. Services made any request upon Debtor to make payment upon her account, or that any additional account statements, other then the one Debtor specifically asked for, were ever sent to her. R.C. Services asserts that it was merely complying with Debtor's request when it sent her the account statement of her debt owed to JU. Additionally, R.C. Services asserts that the collection language contained in the account statement Debtor

received, is simply boilerplate collection language that is included in all its statement of accounts, pursuant to CCPA, 15 U.S.C. § 1692(e)(11).[3] (T 28).

The Court agrees with R.C. Services' position. Therefore, the Court finds that no violation of the automatic stay occurred as R.C. Services was merely complying with Debtor's request when it sent her the account statement. It is regrettable that the boiler plate collection language contained in the account statement led the Debtor to believe otherwise, however, if Debtor had made a simple inquiry into the matter, the misunderstanding on Debtor's part could have been quickly resolved.

### CONCLUSION

The Court holds that JU is in violation of 11 U.S.C. § 362(a)(6) and the university is ordered to immediately release Debtor's transcripts, as soon as the customary fee is paid. However, the Court does not find that JU committed a willful violation of the automatic stay and therefore monetary sanctions are not merited. The Court also finds that 11 U.S.C. § 525 is not applicable in the instant case as JU is a private university. In regards to R.C. Services, the Court finds that no violation of the automatic stay occurred. A separate judgment will be issued in accordance with these Findings of Fact and Conclusions of Law.

---

3. Debtor alleged in her motion that R.C. Services and JU violated the CCPA by engaging in "abusive collection practices." However, Debtor is precluded from bringing a claim under the CCPA due to the fact that the CCPA is preempted by the Bankruptcy Code. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). In *Kokoszka*, the Supreme Court stated that the, " Consumer Credit Protection Act sought to prevent consumers from entering bankruptcy in the first place. However, if, despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act." *Id.*