**FIRST INTERSTATE BANK OF FORT COLLINS, N. A., n/k/a First National Bank, Plaintiff–Appellee,**

v.

**Wayne SOUCIE and Alloise Soucie, as special administrators of the Estate of Brenda L. Mask, a/k/a Brenda Mask Daves, Defendants–Appellants.**

**No. 95CA0976.**

Colorado Court of Appeals, Div. I.

Aug. 8, 1996.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

Dwyer, Huddleson & Ray, P.C., Clinton L. Hubbard, Fort Collins, for Plaintiff–Appellee.

Richard K. Blundell, Greeley, for Defendants–Appellants.

Opinion by Judge JONES.

In this action to collect a consumer debt, defendant, Wayne and Alloise Soucie, special administrators for the estate of Brenda L. Mask, seek review of the trial court judgment entered in favor of plaintiff, First Interstate Bank of Fort Collins. We affirm.

The facts are undisputed. Mask, along with James R. Mask, who was dismissed as a party from this action, purchased a vehicle from a car dealer and executed a promissory note and security interest that was assigned to plaintiff. After the loan went into default, plaintiff filed suit for money due and owing. Mask asserted a counterclaim alleging that plaintiff, by and through its attorneys, failed to adhere to certain procedures set forth in the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (1977) (FDCPA).

Prior to the bench trial, the trial court denied Mask's motions to amend her answer and counterclaim and to add direct claims against plaintiff's attorneys based on alleged FDCPA violations, thereby limiting her counterclaim to the assertions contained in her answer. Thus, the court restricted the suit solely to plaintiff's right to collect on the debt and disallowed any evidence of the alleged FDCPA violations.

In its order, the court held that the alleged failure of plaintiff's attorneys to comply with the FDCPA was not an issue in the case, and that the FDCPA was inapplicable and did not bar plaintiff's lawsuit.

Defendants contend that the trial court erred in its determination that the FDCPA did not apply as a defense to this case. Defendants essentially assert that plaintiff was vicariously liable as a principal for any actions of its attorneys that violated the FDCPA. Plaintiff, on the other hand, claims that the FDCPA does not apply, as here, to a bank that is seeking to collect its own debt. Under the circumstances here, we conclude that plaintiff is not vicariously liable under the FDCPA, and therefore, we affirm.

The FDCPA is intended to protect consumers against debt collection abuses and, thus, provides for civil liability for debt collectors who engage in various unfair collection practices. 15 U.S.C. § 1692k (1988). A debt collector is defined as:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose

of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6)(1988).

Originally, the FDCPA exempted an attorney collecting a debt on behalf of and in the name of a client. 15 U.S.C. § 1692a(6)(F)(1977)(amended 1986). In 1986, however, Congress repealed the attorney exemption, *see* 15 U.S.C. § 1692a(6)(1988), and since that time attorneys have been subject to the FDCPA if their activities cause them to fall within the definition of debt collector set forth in § 1692a(6). *See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1513 (9th Cir.1994)("Attorneys, like all other persons, are subject to the definition of 'debt collector' in [the statute].")

■ In Colorado, attorneys whose practices are limited to purely legal activities can be debt collectors for purposes of the FDCPA as long as they otherwise meet the definition contained in § 1692a(6). *Shapiro & Meinhold v. Zartman*, 823 P.2d 120 (Colo. 1992).

■ The FDCPA is silent on the issue of vicarious liability. However, federal courts that have considered the issue have held that the client of an attorney who is a "debt collector," as defined in § 1692a(6), is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute. *Fox v. Citicorp Credit Services, Inc., supra; Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495 (D.N.M.1994). Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6).

On the record before us, we cannot determine if the activities of plaintiff's attorneys were such that the attorneys would be deemed debt collectors as defined in § 1692a(6). However, even assuming plaintiff's attorneys were debt collectors, we conclude that plaintiff itself was not a debt collector as defined in the statute. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103 (6th Cir.1996).

■ In determining whether a client is a debt collector as defined in the FDCPA, the court in *Wadlington,* relying on the legislative history of § 1692a(6), and distinguishing *Fox v. Citicorp Credit Services, Inc., supra,* concluded that a debt collector does not include the consumer's creditors or an assignee of a debt, so long as the debt was not in default at the time it was assigned. The federal decisions are based on the rationale that, under these circumstances, Congress did not intend to hold a company that is "a non-debt collector" vicariously liable for the filing of a collection suit that violates the FDCPA only because the filing attorney is a debt collector. *Wadlington v. Credit Acceptance Corp., supra,* 76 F.3d at 108; *see also* S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad. News 1695, 1698 (debt collector does not include collection of debt by persons who originated the loan).

We find persuasive the Sixth Circuit's reasoning in *Wadlington v. Credit Acceptance Corp., supra.* There, a car dealership routinely assigned its consumer installment sales contracts to another company, as here, for value received at or about the time the contracts were signed by customers. The court there found that the assignee was not a debt collector under the FDCPA because, based on the fact that the contracts were not in default when they were assigned, the assignee was collecting a debt owed to it rather than to the car dealership and it was, therefore, simply a creditor of the consumers.

Here, the promissory note and security agreement were assigned to plaintiff for value received at the time Mask signed the note, and the note expressly stated that payments were to be made to plaintiff. Additionally, a loan officer employed by plaintiff testified that plaintiff purchased the note from the car dealer, and that the loan was not in default at the time plaintiff acquired it. *See* 15 U.S.C. § 1692a(6)(F)(1988).

The record supports the conclusion that plaintiff was a creditor of defendants rather

than a debt collector. Therefore, plaintiff was not vicariously liable under the FDCPA for the misconduct, if any, of it attorneys. *See Wadlington v. Credit Acceptance Corp., supra.*

We decline to award either party costs or attorneys fees on appeal. C.A.R. 38(d).

The order is affirmed.

METZGER and CRISWELL, JJ., concur.