Michelle CARON, Plaintiff,

v.

CHARLES E. MAXWELL, P.C., a Professional Corporation, Villas West Iii Homeowners' Association, an Arizona Corporation, Charles E. Maxwell and Lisa Maxwell, husband and wife, Defendants.

No.  CIV–98–0946–PHX–ROS.

United States District Court,
D. Arizona.

March 2, 1999.

---

31.   858 S.W.2d 397 (Tex.1993).

32.   320 Md. 776, 580 A.2d 206 (1990).

John A. Buric, Warner Angle Roper & Hallam PLC, Phoenix, AZ, Mark D. Svejda, Law Offices of Mark D. Svejda, Scottsdale, AZ, for plaintiff.

Richard J Woods, O'Connor Cavanagh Anderson, Westover Killingsworth & Beshears, Phoenix, AZ, for Charles E. Maxwell PC, a professional corporation, Charles E. Maxwell, Lisa Maxwell, defendants.

Daniel Paul Beeks, Mohr Hackett Pederson Blakley, Randolph & Haga PC, Phoenix, AZ, for Villa West Three Sublot Development Association, an Arizona corporation aka Villas West III Homeowners' Association, defendant.

## ORDER

SILVER, District Judge.

### BACKGROUND

This action arises out of conduct related to the collection of debt that Plaintiff Michelle Caron ("Plaintiff") allegedly owed to Defendant Villas West Three Sublot·Development Association ("Villas West"),[1] from unpaid homeowners' fees. According to Plaintiff, Villas West employed Defendant Charles E. Maxwell, an attorney engaged in the business of collecting consumer debts, to collect the debt she allegedly owed Villas West.

Plaintiff claims that Maxwell's attempts to collect the alleged debt subject Defendants Charles E. Maxwell, P.C., Maxwell and Lisa Maxwell (collectively "the Maxwells"), and Villas West to liability for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (1994), and for intentional infliction of emotional distress. Specifically, Plaintiff alleges that Maxwell violated 15 U.S.C. § 1692 by "falsely representing that he would be entitled to collect accruing attorneys fees' [sic] and costs pursuant to the terms of a judgment obtained by Villas West against the Plaintiff ... [and] by threatening to take action that cannot legally be taken." (Compl.¶¶ 19, 20.) Plaintiff alleges that Maxwell sent her a letter stating that if she did not respond within 10 days, the homeowners' association would exhaust all of its legal remedies against the Plaintiff, including a Sheriff's execution sale of her personal or real property. (Compl.Ex. A.) Plaintiff further alleges that Maxwell's conduct was "extreme and outrageous, [and] was intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from such conduct." (Compl.¶ 28.) Finally, Plaintiff claims that Villas West is vicariously liable for Maxwell's conduct because it retained Maxwell to collect Plaintiff's alleged debt. (Compl.¶ 7.)

Plaintiff filed this class action lawsuit on May 19, 1998.[2] Defendants Villas West and Maxwell filed motions to dismiss on August 7, 1998 and August 13, 1998, respectively.

### GOVERNING LEGAL PRINCIPLES

In evaluating a motion to dismiss for failure to state a claim for which relief can

---

1. Defendant Villas West III Homeowners' Association, as named in Plaintiff's Complaint, informed the Court and all parties involved that its true title is Villas West Three Sublot Development Association. (Reply 1.)

2. Neither defendant addresses the appropriateness of Plaintiff's claim to represent a class in her Complaint. Accordingly, the Court will not resolve the issue in this Order.

be granted pursuant to Fed.R.Civ.P. 12(b)(6), all factual allegations made by the nonmoving party are taken as true and construed in the light most favorable to that party. *See Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir.1994). A motion to dismiss should be granted only if the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *See id.* However, a court considering a motion to dismiss "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994).

## MAXWELL'S MOTION TO DISMISS

Defendants Maxwell raise two arguments in support of their motion to dismiss: (1) that unpaid homeowners' association fees do not constitute a "debt" under the FDCPA; and (2) that without the federal claim, the Court has no jurisdiction to hear the state law tort claim.

### 1. The FDCPA

In order for Plaintiff to state ·a valid claim for relief under the FDCPA, the homeowners' association fees must be classified as debt under the FDCPA. Under the FDCPA, "debt" is defined as:

> any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligations have been reduced to judgment.

§ 1692a(5). Defendants Maxwell argue that because all unit owners benefit from the collective fees, association fees are more analogous to past-due tax obligations by the local government which benefit the whole community as opposed to a single household. (Resp.3–4.) Relying on cases in which courts have held that overdue tax obligations do not constitute a debt under the FDCPA, Defendants Maxwell contend that a homeowners' association fee similarly falls outside the purview of the FDCPA. *See Staub v. Harris*, 626 F.2d 275, 278 (3d Cir.1980).

However, the United States Courts of Appeals which have considered the issue of whether homeowners' association fees constitute a debt under the FDCPA have concluded otherwise. In *Newman v. Boehm, Pearlstein & Bright, Ltd.*, the Seventh Circuit specifically rejected the argument that "because all unit owners benefit, assessments [of homeowners' association fees] can be likened to past-due tax obligations which are not considered 'debts' under the [FDCPA]." 119 F.3d 477, 481 (7th Cir.1997). The court concluded:

> [t]he assessments here have a more specific household purpose than taxes collected by a governmental entity. Rather than generally providing for government services, these assessments are collected in order to improve and maintain commonly-owned areas *used by each unit owner.* The [homeowners'] *assessments thereby directly benefit each household in the development. As a result, the assessments have a "personal, family, or household purpose."*

*Id.,* at 481–82 (emphasis added). Like the other courts that have followed the reasoning set forth in *Newman*, this Court is persuaded by the reasoning of the Seventh Circuit. *See, e.g., Ladick v. Van Gemert*, 146 F.3d 1205, 1205 (10th Cir.1998) (holding that an assessment owed to a condominium association qualified as a "debt" within the meaning of the FDCPA); *Thies v. Law Offices of William A. Wyman*, 969 F.Supp. 604, 608 (S.D.Cal.1997) (same). Therefore, the Court finds that homeowners' association fees meet the "personal, family, or household purposes" requirement under the FDCPA's definition of debt.

The Maxwells also argue that a homeowners' association fee cannot be a

debt under the FDCPA because an extension of credit is necessary to constitute a consumer debt. In support of this assertion, the Maxwells rely on several cases from outside the Ninth Circuit: *Bryan v. Clayton*, 698 So.2d 1236 (Fla.App.1997), *cert. denied* —— U.S. ——, 118 S.Ct. 2334, 141 L.Ed.2d 706 (1998), *Azar v. Hayter*, 874 F.Supp. 1314 (N.D.Fla.1995), and *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir.1987). However, the Ninth Circuit has expressly held that "the FDCPA's application is *not limited* to collection of debts arising out of the offer or *extension of credit.*" *Charles v. Lundgren & Assocs.*, 119 F.3d 739, 742 (9th Cir.1997) (emphasis added) (holding that a dishonored check is a debt under the FDCPA and that an extension of credit is not required for a payment obligation to constitute a debt under the FDCPA); *see also Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir.1997).[3]

A federal district court recently relied on the Ninth Circuit's reasoning in *Charles* in its analysis of whether an assessment of homeowners' association fees constituted a debt within the meaning of the FDCPA. *See Thies*, 969 F.Supp. 604 (S.D.Cal.1997). The court held:

> The legislative history reflects Congress' intent that the FDCPA apply to all kinds of consumer transactions, not just credit transactions. Following this intent, the Ninth and Seventh Circuits construed "transaction" generally without the additional requirement of an extension or offer of credit. Plaintiffs are obligated to pay their homeowner fees because of a covenant running with their property.[4] Because no offer or extension of credit is required, the Court finds that a transaction, for the purposes of the FDCPA, arises out of Plaintiffs' obligation to pay dues for the services of the Association.

*Thies*, 969 F.Supp. at 607. The Court finds no reason to reject the Southern District of California's interpretation of Ninth Circuit precedent. Accordingly, the Court concludes that homeowners' association fees constitute debt under the FDCPA. Defendants Maxwell's motion to dismiss Plaintiff's FDCPA claim is denied.

## 2. Intentional Infliction of Emotional Distress

The Maxwells' only argument that the court should dismiss Plaintiff's claim of intentional infliction of emotional distress is that "when the court dismisses the sole claim upon which federal question jurisdiction would arise, pendant state court

---

**3.** The Plaintiff in her response states that Defendants Maxwell have violated ethical rules 3.3(a)(1) and (3) because Plaintiff provided them with the supporting Ninth Circuit case law in a letter long before the Maxwells filed their Motion to Dismiss. The Maxwells then failed to identify the binding Ninth Circuit law in their Motion. The "Rules of Professional Conduct," as set forth in Rule 42 of the Rules of the Supreme Court of the State of Arizona, apply to attorneys admitted to practice before the federal district court in Arizona. *See* L.Rule 1.6(d). This Court finds that Defendants Maxwell's attorney has come perilously close to a violation of ethical rule 3.3(a)(3). However, because Defendants Maxwell's attorney has accepted responsibility for his actions and apologized, the Court will not report such conduct to the state bar.

**4.** The Maxwells also claim that because Plaintiff did not "purchase" her property, but received the property from her parents for a nominal fee, this case is distinguishable from *Newman* in which the Court held that "the relevant transactions [for purposes of the FDCPA] were the purchase of the family homes." 119 F.3d at 481. However, the *Newman* court noted that "we also believe that the assessments themselves satisfy that requirement." *Id.* Moreover, in *Thies*, the court held that obligation to pay association fees arose from a covenant running with the property, rather than the purchase of the property itself. 969 F.Supp. at 607. Finally, as Plaintiff points out, to "hold otherwise would result in the absurdity of debt collectors being able to harass a homeowner merely because she inherited the house or was gifted the house while not being able to harass her neighbor who purchased it." (Resp.8). For these reasons, the Court rejects the Maxwells' assertion that the manner in which Plaintiff received her house is relevant to whether her alleged debt is covered by the FDCPA.

claims should be left to adjudication by the state courts." (Maxwell Mot. 5.) Because the Court has denied the Maxwells' Motion to Dismiss the federal claim, it retains supplemental jurisdiction over Plaintiff's pendant state law claim. *See* 28 U.S.C. § 1367. Accordingly, Defendants Maxwell's Motion to Dismiss Plaintiff's intentional infliction of emotional distress claim is denied.

### DEFENDANT VILLAS WEST'S MOTION TO DISMISS

Villas West raises three arguments in support of its motion to dismiss: (1) the FDCPA does not apply to creditors, including Villas West; (2) a homeowners' association fee does not constitute a "debt" under the FDCPA; and (3) a homeowners' association does not have vicarious liability for an intentional tort conducted by its attorney.

### 1. The FDCPA's Application to Creditors or Non–Debt Collectors

Plaintiff never alleges that Villas West is liable for any direct violation of the FDCPA. Instead, she seeks to hold the association liable "as the principal involved in collecting a consumer debt from the Plaintiff" based on its alleged vicarious liability "for all wrongful conduct by Defendant Maxwell." (Comp.¶ 7.)

■ The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15

U.S.C. 1692(e). Although the FDCPA is silent on the issue of vicarious liability, courts have held that the client of an attorney working as a "debt collector" as defined in § 1692a(6) of the FDCPA is only liable for his attorney's violations if *both* the attorney and the client are debt collectors within the meaning of the statute. *First Interstate Bank v. Soucie*, 924 P.2d 1200, 1202 (Colo.App.1996); *Fox v. Citicorp Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir.1994) (holding a client vicariously liable for the debt collector attorney's misconduct where the *client itself* was a debt collector within the meaning of the statute).[5] As the Sixth Circuit has held:

> We do not think it would accord with the intent of Congress, as manifested in the terms of ‘the Act, for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector.'

*Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir.1996) (holding that FDCPA imposes liability only on a debt collector, not on nondebt collectors, such as a consumer's creditors or an assignee of a debt).

Plaintiff does not allege that Villas West is a "debt collector" within the meaning of the statute, but seeks additional discovery to "determine the true extent of the relationship and dealings between Villas West and Defendants Maxwell." (Resp.7.) Furthermore, Plaintiff has not described any set of facts that could be established with additional discovery that would justify holding Villas West liable for conduct of its attorney under the FDCPA. Accordingly, Villas West is not vicariously liable for Maxwell's conduct under the FDCPA.[6]

---

5. Under 15 U.S.C. § 1692a(6), a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

6. Because the law clearly states that Villas West cannot be held vicariously liable under the FDCPA and Plaintiff has not alleged that Villas West was acting as a debt-collector, Plaintiff's pleadings fail to assert a claim for which relief may be granted. However, if Plaintiff later alleges that Villas West was either a debt-collector or acted in concert with Maxwell, the Court may consider a mo-

### 2. Whether a Homeowners' Association Fee Constitutes a Debt under the FDCPA

Because Defendant Villas West as a non-debt collector cannot be held vicariously liable under the FDCPA, this argument is irrelevant. However, as discussed above, a homeowners' association fee does constitute a debt under the FDCPA.

### 3. Vicarious Liability for an Intentional Tort Committed by an Independent Contractor

Villas West is not held vicariously liable for Maxwell's actions under the FDCPA. Therefore, this obviates the necessity of discussing Plaintiff's claim of intentional infliction of emotional distress. The Court's exercise of its jurisdiction over Plaintiff's state law claim against Villas West is discretionary and not mandatory. *See Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir.1990) (citing *Bright v. Bechtel Petroleum*, 780 F.2d 766, 771 (9th Cir.1986)). The Ninth Circuit recognizes that the discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions set forth in 28 U.S.C. § 1367(c). *See also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc). Upon consideration of these factors, the Court will exercise its discretion and decline to retain jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress against Villas West. Therefore, Villas West's motion to dismiss Plaintiff's claim of intentional infliction of emotional distress is granted.

Accordingly,

**IT IS ORDERED** that Defendants Maxwell's Motion to Dismiss (Doc. No. 10) is denied.

**IT IS FURTHER ORDERED** that Defendant Villas West's Motion to Dismiss (Doc. No. 6) is granted.

tion to amend the Complaint pursuant to

**IT IS FURTHER ORDERED** that the clerk of the court note that the correct name of Villa West is "Villa West Three Sub Lot Development Association." The clerk should make future amendments accordingly.