**In re Rodney L. COOPER, Sr., Sandra W. Cooper, Debtors.**

**Rodney L. Cooper, Sr., Sandra W. Cooper, Plaintiffs,**

**v.**

**Litton Loan Servicing, as servicing agent for Credit Based Assets Servicing and Securitization; Credit Based Assets Servicing and Securitization; Smith and Hiatt, P.A.; and Ruff & Cohen, P.A., Defendants.**

**Bankruptcy No. 99–00036–GVL1. Adversary No. 99–90126–00.**

United States Bankruptcy Court, N.D. Florida, Gainesville Division.

Aug. 28, 2000.

Michael Bruckman, Gainesville, FL, for debtor.

Lisa Cohen, Gainesville, FL, for defendant.

Leigh D. Hart, Tallahassee, FL, trustee.

### MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came before the Court for hearing of the Defendants' Motion to Dismiss. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(b)(2)(B), and 1334. The Court reviewed the Motion and heard argument from counsel. For the reasons more fully outlined below, this adversary proceeding is Dismissed Without Prejudice as to Defendants Litton Loan Servicing (Litton), Credit Based Assets Servicing and Securitization (Credit), and Smith and Hiatt, P.A. This adversary proceeding is Dismissed With Prejudice as to Defendant Ruff & Cohen, P.A.

### I. Factual and Procedural History

Rodney and Sandra Cooper, Plaintiffs in the instant matter, are Chapter 13 Debtors in the underlying administrative case, filed January 22, 1999. On May 24th, Smith and Hiatt, P.A. filed a Proof of Claim for Litton, as servicing agent for Credit, based upon data provided to the attorney by the lender and the servicing agent. The amount of Litton/Credit's claim is in dispute. The Coopers asserted that the original mortgage note payments of $386.62 per month were increased to $623.87 by Litton/Credit, as compared to the $555.41 listed by an interim servicer.[1] The Coopers

---

1. The Supplemental Response also contended that "[b]ecause of the facts alleged above, the creditor filing the motion for relief from stay may be responsible for prima facie violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Truth in Lending Act, the Federal RICO Statute, the Florida Unfair Trade Practices Act, as well as viola-

filed an Objection to Claim # 12 (Litton/Credit). The Objection to Claim # 12 sought an offset to the Proof of Claim based on the "creditor's failure to comply with the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and other provisions of federal and state law designed to protect consumers."

On October 7, 1999, a hearing was held on the Objection to Claim # 12. Lisa Cohen of Ruff & Cohen P.A. appeared specially for Smith and Hiatt P.A., on behalf of Litton Loan Financing Company. The transcript of the hearing shows that Ms. Cohen was there to request a continuance of the hearing on the Objection to Claim # 12. Plaintiff/Debtors' counsel outlined the problem regarding the disputed claim. Lender's counsel responded by pointing to deficiencies in the Objection to Claim # 12, in that it suggested remedies without alerting the Creditor to what was objectionable about their claim. The Court also found the Objection to be deficient, and questioned whether an Objection to Claim was the proper vehicle to bring forth an action under the Federal Fair Debt Collection Practices Act (FDCPA). Plaintiff/Debtors' counsel then sought leave to amend the Objection and bring the instant adversary proceeding, while admitting that the proposed action "would look as vague as what I have filed already."

The instant adversary proceeding was filed on December 28, 1999. The complaint named Litton, Credit, and Smith and Hiatt, P.A. as defendants, introduced the disputed monthly mortgage payment, and made a claim for credits for property insurance purchased by the Coopers outside the mortgage contract. There were no allegations that the amount claimed was incorrect, or why the amount was challenged, beyond bare mention of the increased monthly payment.

tions of the automatic stay, not only for the requests for payments that were not contracted for, but for the filing of the Motion for Relief From Stay itself. The law firm repre-

The complaint sought remedies through the FDCPA, the Florida Consumer Credit Practices Act (FCCPA), and § 362 of the Bankruptcy Code. The relief sought included $5,000 in statutory damages, $50,000 in punitive damages, disallowance of the Claim in question, plus costs and attorney's fees. Roy A. Diaz appeared for Litton, Credit, and Smith and Hiatt, P.A. Lisa Cohen made an appearance as co-counsel to Litton, Credit, and Smith and Hiatt, P.A. *in the adversary proceeding* (emphasis supplied).

The adversary Defendants filed a Motion to Dismiss based on insufficiency of service of process under F.R.Civ.P 12(b)(5) on January 31, 2000. The Motion to Dismiss was denied on April 6th. The Court found that while the summons had expired under Bankruptcy Rule 7004(e), F.R.Civ.P. 4(m) provided 120 days from the date of filing the complaint to effectuate service. Plaintiffs then amended the complaint by adding Ruff & Cohen as defendants. With regard to the two law firms, paragraph 10 of the Amended Complaint asserted that the law firms represented the interest of the creditor and servicing agent, and had attempted to collect money allegedly owed by the debtors. The Defendants filed a Motion to Dismiss the amended adversary complaint on May 24th, grounded in F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.

## II. Dismissal Without Prejudice as to Credit, Litton, and Smith and Hiatt, P.A.

### A. The Controlling Law

A motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In determining wheth-

senting this creditor may also be liable as a debt collector under the Fair Debt Collection Practices Act. . . ."

er a complaint should be dismissed for failure to state a claim, we accept all allegations in the complaint as true, and construe the facts in a light most favorable to the plaintiff. *Brown v. Budget Rent-A-Car Systems, Inc.,* 119 F.3d 922, 923 (11th Cir.1997) *citing to Harper v. Thomas,* 988 F.2d 101, 103 (11th Cir.1993). A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pataula Elec. Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.1992), *cert. denied,* 506 U.S. 907, 113 S.Ct. 302 (1992) *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. 15 U.S.C. § 1692(a)(4).

The Florida Consumer Credit Practices Act (FCCPA) is narrower in scope than the federal act. F.S. § 559.72(9) states that in collecting debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of a legal right when that person knows that the right does not exist. The use of the word "knows" requires actual knowledge of the impropriety or overreach of a claim. The FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a

cause of action. *Kaplan v. Assetcare, Inc., et al.,* 88 F.Supp.2d 1355, 1363 (S.D.Fla. 2000). The Court will not enter judgment under this act without more than the conclusory allegations of a plaintiff. *Gill v. Kostroff,* 82 F.Supp.2d 1354, 1361, 1366 (M.D.Fla.2000).

## B. As to Credit Based Assets Servicing and Securitization:

The first part of § 1692a(4) defines the universe of creditors as either those who originate a debt or those to whom a debt is owed; in either case, the creditors are not collecting the debts for others. *Kimber v. Federal Fin. Corp.,* 668 F.Supp. 1480, 1485 (M.D.Ala.1987). The second part of § 1692a(4), the assignee exception, then purports to exclude from this universe those persons who collect assigned or transferred debts that are already in default when assigned or transferred. *Id.* There is no allegation that Credit acquired the Coopers' debt when they were already in default, so Credit is not excepted by § 1692(a)(4), and is included in the definition of a creditor.

Analysis of the Congressional intent behind the 1986 revisions to the FDCPA suggests

[t]hat this understanding of §§ 1692(a)(4) and 1692(a)(6) is correct ... when the legislative history of the Act is considered. This history reflects that the target and emphasis of the Act are "third-party" or "independent" collectors of "past-due" or "delinquent" debts.... The committee intends the term "debt collector," subject to the exclusions discussed below, to cover all third persons who regularly collect debts for others. The primary persons intended to be covered are independent debt collectors.

*Id.* at 1485–1486, *citing to S. Report No. 95–382, 95th Cong., 1st Sess.* (reprinted in 1977); *U.S.Code Cong. & Admin.News* 1695, 1697.

■ "With §§ 1692a(4) and 1692a(6) . . . Congress clearly sought to exclude creditors—that is, those who extend credit and collect their own debts—from the Act's coverage. . . ." *Kimber* at 1486. Direct collection actions by creditors on their own debt do not fall within the provisions of the FDCPA. In the instant matter, Credit is a creditor under the definition of the FDCPA, and therefore is outside the scope of the Act.

■ Even if, *assuming arguendo,* that Litton or the lawyers were found to have violated the FDCPA, that liability is not imputed to the creditor unless "both the attorney and the client are debt collectors within the meaning of the statute." *Caron v. Charles E. Maxwell, P.C.,* 48 F.Supp.2d 932, 936 (D.Ariz.1999). The FDCPA imposes liability only on a debt collector, not on non-debt collectors, such as a consumer's creditors or an assignee of a debt. *Id.* Thus, an FDCPA action cannot be maintained against Credit.

■ Additionally, the complaint itself was technically deficient as it relates to Credit. Plaintiff did not raise any specific claim as to Credit, who was merely included in the general jurisdictional allegations. Plaintiff has not pled any allegation in Counts I or II that would tend to show that either the FDCPA or the FCCPA would apply to Credit. In Count III, Plaintiff re-alleged the failed allegations of Counts I and II against Credit, and commingled the causes of action. Count III thus fails for the same reason as Counts I ands II. Finally, the complaint failed to specifically allege any deeds that would state a cause of action for a violation of the automatic stay under § 362 of the Bankruptcy Code.

For these reasons, the Motion to Dismiss Credit Based Assets Servicing and Securitization will be granted without prejudice.

## C. As to Litton Loan Servicing:

■ The parties agree that Litton, as the servicing agent for Credit, is a debt collector as defined under the FDCPA. However, the filing of a proof of claim for a debt whose amount is in dispute is not a *per se* violation of the Act. On the contrary, the filing of a proof of claim in a bankruptcy proceeding does not trigger the FDCPA, and fails to state a cause of action under that Act. *See Baldwin v. McCalla, et al.,* 1999 WL 284788 (N.D.Ill. 1999). The debtor can only attack a proof of claim in the bankruptcy court, and only by using the remedies provided in the Bankruptcy Code. *Gray–Mapp v. Sherman, et al.,* 100 F.Supp.2d 810, 813 (N.D.Ill.1999). The United States Supreme Court analyzed the intersection between bankruptcy law and consumer protection legislation and concluded that the consumer law "sought to prevent consumers from entering bankruptcy in the first place. However, if despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy [Code]." *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974).

Plaintiffs asserted that they obtained insurance on the property in 1996 and 1997, but had not received credit or reimbursement from the lender. However, they never alleged or supported an argument that Litton's pursuit of Credit's claim against the Coopers is in error with respect to the amount of the insurance premiums. The complaint does not assert the contractual obligations of the parties with respect to insurance premiums, nor does it make claim for reimbursement based on the language of the mortgage contract.

■ The bare allegation of an increase in the monthly payment owing is not an assertion that the Defendants attempted to collect an amount not due or provided for in the contract. If Litton tried to collect amounts not due or owing there is no question that they would be exposed under the consumer legislation. However, the complaint never alleged that an attempt was made to collect an improper amount.

The complaint merely pointed to the increases in monthly payments, and with nothing further, asked for damages.

Litton cannot be liable under the FDCPA for the mere filing of the proof of claim in question. There was no allegation of knowledge of wrongfulness as required by the FCCPA. Additionally, the complaint was technically deficient as to Litton in that it stated the allegations of Counts I, II, and III in such fashion that it constituted a commingling of the various causes of action. Finally, the complaint failed to specifically state any allegations that would state a cause of action for violation of the automatic stay under § 362(a) of the Bankruptcy Code.

For these reasons, the Motion to Dismiss Litton Loan Servicing will be granted without prejudice.

### D. As to Smith and Hiatt, P.A.

The Coopers asserted that Smith and Hiatt, P.A., in their pursuit of the debt owed to Credit/Litton, violated the FDCPA, the FCCPA, and section 362 of the Bankruptcy Code. Smith and Hiatt, P.A. countered that they acted in reliance of the information given to them by their clients.

Attorneys and debt collectors are entitled to rely on the information they receive from the creditor. They are not held strictly liable when they mistakenly attempt to collect amounts in excess of what is due, if they reasonably relied on information provided by their clients. *See e.g. Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1032 (6th Cir.1992); *Jenkins v. Union Corp.,* 999 F.Supp. 1120, 1140–1141 (N.D.Ill.1998); *Ducrest v. Alco Collections, Inc.,* 931 F.Supp. 459, 462 (M.D.La.1996). *See also Amond v. Brincefield, Hartnett & Associates, P.C.,* 175 F.3d 1013 (4th Cir.1999), and *Jenkins v. Heintz,* 124 F.3d 824 (7th Cir.1997). By the same token, lawyers are not held strictly liable when they discharge their ethical duty to a client by asserting in good

faith a claim which is ultimately rejected by a court. *Taylor v. Luper, Sheriff & Niedenthal Co., L.P.A. et al.,* 74 F.Supp.2d 761, 765 (S.D.Ohio 1999).

Smith and Hiatt, P.A. argued that it relied in good faith upon the data presented to it by Credit. A debt collector may rely on the representation and implied warranty from its client that the amount claimed was due. The FDCPA does not require an independent investigation of the information provided by clients when a debt collector tries to collect a debt, nor does it require the debt collector to dispute the creditor's construction of a contract. *Ducrest citing to Smith v. Transworld Systems, Inc.,* at 1032. Thus, in the event that the financial data provided by Credit to their attorneys was in error, the lawyers are not vicariously liable for Credit's acts in determining the amount of Credit's claim against the Coopers.

Plaintiff argued that Smith and Hiatt, P.A.'s conduct violated the "least sophisticated debtor" standard. The Seventh Circuit has stated that "[a]ny way it's viewed, the standard is low," *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996), and that the phrase unsophisticated or least sophisticated debtor is used "to describe the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." *Gammon v. GC Services Limited Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994). The *Gammon* court observed that the standard protects consumers who are "of below average sophistication or intelligence" or are "uniformed, naive or trusting" while at the same time the reasonableness element "shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.*

In *Hart v. GMAC and FNMA (In re Hart),* 246 B.R. 709, 730 (Bankr.D.Mass. 2000), a letter to the debtor failed to indicate that it was an attempt to collect a debt and couched its demand for payment

by presenting three options to the Debtor for repaying a negative suspense amount. The payment options included a balloon payment outside the scope of the contract. Moreover, the letter contained material misrepresentations as to the existence, character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A). *Id.* at 730. The Court found that "this practice could only serve to confound the Debtor, who must be viewed as a hypothetical unsophisticated consumer, especially because the letter lacked the disclosures required by 15 U.S.C. § 1692a(11)." *Id.* at 731.

In *Belile v. Allied Medical Accounts Control Associated Bureaus, Inc. (In re Belile)*, 209 B.R. 658 (Bankr.E.D.Pa.1997), the debt collector sent a letter that contained the phrase "[f]ailure to respond to this notice will result in your account being referred to the Legal Department, with a recommendation to seek a civil judgment for the balance due." The debt was then referred to the debt collector's legal department. However, no one in that department was licensed to practice law in Pennsylvania, and the matter was not referred to outside counsel. The *Belile* Court held that "despite the substance of the letter as not particularly threatening, violent, or offensive to a trained professional person, the Debtor's untrained perspective must be considered." The Debtor's conclusion that the letter constituted an immediate threat was "not irrational." Since no employee of the debt collector was legally empowered to bring suit against the Debtor, the letter constituted a "false representation" or "deceptive means" to collect a debt, in violation of 15 U.S.C. § 1692e(10). It also threatened to take an action "that cannot legally be taken or that is not intended to be taken," in violation of 15 U.S.C. § 1692e(5). *Belile* at 662.

In the instant matter, there were no direct communications from Smith and Hiatt, P.A. to the Plaintiff/Debtors. There were no allegations in the complaint regarding failures of disclosure or material misrepresentation as to the existence, character, and legal status of the debt. There were no threats of legal action that could not be undertaken by the authors of the proof of claim. Simply put, the complain fails to allege any acts by Smith and Hiatt, P.A. to which the least sophisticated consumer standard would even apply.

The amended complaint does not allege that Smith and Hiatt, P.A. unreasonably relied upon or knew of a miscalculation of the amount owed. No allegation was made that Litton/Credit's claim was, in fact, erroneous. The actions that were alleged to have been taken by Smith and Hiatt, P.A. are not similar to the types of activities held to have triggered consumer protection remedies. Therefore, the amended complaint does not state a cause of action under the FDCPA or the FCCPA.

Regarding Plaintiff's argument that the Defendant's filing of a stay relief motion may be a violation of the consumer protection laws, section 362(d) of the Bankruptcy Code provides two grounds under which relief from the automatic stay can be granted. The first ground is cause, including lack of adequate protection. 11 U.S.C. § 362(d)(1). The second ground is that the debtor does not have any equity in the property, and that the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

> Stay litigation is not and was not designed to adjudicate anyone's substantive rights but merely to consider whether the protection granted by § 362(a) should continue to protect the debtor or property of the estate. If relief is granted it merely returns or sends the parties to a nonbankruptcy forum to litigate their claims and obtain an adjudication of their respective substantive rights.

*In re W.G. Wade Shows, Inc.*, 234 B.R. 185, 188 (Bankr.M.D.Fla.1999).

In the instant matter, Defendants' Motion to Lift Stay was not a debt collec-

tion activity, as defined in the FDCPA. Rather, it was an attempt to permit the Defendants' to seek a forum in which to attempt a debt collection activity. Defendants' activity was too far removed from a direct attempt at seeking payment from the Debtors to trigger a remedy under the consumer protection legislation. Absent a wilful violation of the automatic stay, as required by § 362(h) of the Bankruptcy Code, there is no cause of action under § 362(a)(6) with regard to Smith and Hiatt, P.A.

It has already been established that the mere filing of the proof of claim on behalf of the Defendant/Creditor did not create a cause of action under the FDCPA. The actions alleged to have been taken by Smith and Hiatt, P.A. did not rise to the type of activity that would trigger the remedies afforded by the consumer protection legislation. Additionally, the commingling of the various causes of action in Counts I, II, and III of the amended complaint, referenced to Smith and Hiatt, P.A., were not an appropriate form of pleading. For these reasons, the Motion to Dismiss Smith and Hiatt, P.A. will be granted without prejudice.

### III. As to Ruff & Cohen, P.A.

The allegations brought against Ruff & Cohen, P.A. are identical to those brought against Smith and Hiatt, P.A. If Ruff & Cohen had served as co-counsel on the matter, from the filing of the proof of claim onward, the claim against them would be dismissed without prejudice for the same reasons as those given in explanation of the dismissal of the claim against Smith and Hiatt, P.A. However, Ruff & Cohen, P.A.'s involvement in the underlying bankruptcy matter is *de minimus* at most. They entered a special appearance on behalf of Litton for the purpose of securing a record of what was supposed to be an agreed continuance on the Objection to Claim # 12. Ruff & Cohen, P.A. was never involved in any action that could be considered the collection of a debt in the administrative case. Their first appearance as counsel of record in any of the related matters was in the defense of the instant adversary proceeding. The defense of a debt collector should not be confused with direct debt collection activities. To rule for the Plaintiffs here would infer the unsupportable theory that anyone who defends a debt collector becomes a debt collector.

Additionally, the complaint against Ruff & Cohen, P.A. failed on the same technical grounds as previously cited with reference to the other defendants. The causes of action were commingled, which led to a fatally defective pleading. For these reasons, the Motion to Dismiss Ruff & Cohen, P.A. will be granted with prejudice. Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiffs' Complaint for Affirmative Relief Against Defendants for Violating the Fair Debt Collection Practices Act, Florida Consumer Collection Practices Act, and the Automatic Stay Provisions of 11 U.S.C. § 362, Requesting Disallowance of Creditor's Claim, as well as Statutory Damages, Plaintiff's Attorney's Fees, and Punitive Damages is DISMISSED WITHOUT PREJUDICE as to Litton Loan Servicing; DISMISSED WITHOUT PREJUDICE as to Credit Based Assets Servicing and Securitization; DISMISSED WITHOUT PREJUDICE as to Smith and Hiatt, P.A.; and DISMISSED WITH PREJUDICE as to Ruff & Cohen, P.A.