In re Electra D. **RICE–ETHERLY,** Debtor.

Electra D. Rice–Etherly, Plaintiff,

v.

Bank One, National Association, as Trustee; Homecomings Financial Network; Trott & Trott, P.C., Defendants.

Bankruptcy No. 01–60533.
Adversary No. 05–5729.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Jan. 24, 2006.

Kevin W. Kevelighan, Bingham Farms, MI, for Debtor.

### OPINION GRANTING DEFENDANT TROTT & TROTT P.C.'S MOTION TO DISMISS

MARCI B. McIVOR, Bankruptcy Judge.

This matter came before the Court on defendant Trott & Trott, P.C.'s Motion to Dismiss Plaintiff's First Amended Complaint. The Complaint seeks damages for alleged violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*). Defendant Trott & Trott seeks to have the Complaint dismissed under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. A hearing on the Motion was held on December 13, 2005 and the matter was taken under advisement. Having reviewed the record, the briefs, and the relevant law, the Court finds that Plaintiff's claims for money damages under the FDCPA are premised on conduct remedied or governed by the Bankruptcy Code. Defendant Trott's Motion to Dismiss is granted and Plaintiff's Complaint against Trott & Trott is dismissed.

### I. *Background*

On December 14, 1999, plaintiff/debtor Electra Rice–Etherly granted a mortgage on her residence at 8918 Robson Street, Detroit, Michigan to Franklin Mortgage Funding, Inc. The mortgage was subsequently assigned to defendant Bank One.

Plaintiff defaulted on the mortgage, and in September, 2001, Bank One initiated foreclosure. On October 23, 2001, one day before the scheduled Sheriff's sale, Plaintiff filed a voluntary Chapter 13 bankruptcy petition. On February 28, 2002, Bank One through its attorney Trott & Trott, filed a proof of claim in the bankruptcy. According to the claim, the total debt was $71,345.11, the arrearage was $5,361.59, and the monthly payment was $558.51. The claim included pre-petition foreclosure fees and costs (including attorney fees) and a charge for insurance. No objection to the proof of claim was filed, and an Order Confirming a Chapter 13 plan was entered on January 25, 2002.

On July 14, 2005, Bank One, through its attorney Trott & Trott, filed a Motion for Relief from Stay as to Debtor's residence. According to the Motion, payments on the

loan are 10 months past due, the property is worth $49,500, and the total debt owed is $77,764.21, which includes $800 of attorney fees. Debtor filed a Response to the Motion denying that payments are past due and disputing the amount owed.

After filing the Response, Debtor filed an adversary complaint. The Complaint alleges that Trott violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq., hereinafter "FDCPA") in two ways: (1) the Proof of Claim filed by Trott on behalf of Bank One includes attorney fees and costs related to the foreclosure in an amount in excess of the amount permitted under Michigan law (MCL 600.2431), and (2) the Motion for Relief from Stay filed by Trott on behalf of Bank One improperly seeks $800.00 in attorney fees (for filing the Motion) which should be sought (and Plaintiff believes, denied) pursuant to an application for fees under Fed. R. Bankr.P. 2016. The Complaint seeks a full accounting for all payments made to defendant creditors-an accounting Plaintiff believes will show that there is no past due amount owed on the mortgage. Plaintiff also seeks: (1) $1,000 in statutory damages from each Defendant for each of the alleged violations of the FDCPA, (2) actual damages for violations of the FDCPA, (3) denial of any attorney fees (if sought by Trott pursuant to Fed. R. Bankr.P. 2016) for the filing of the Motion for Relief from Stay, (4) an award of Debtor's attorney's fees and costs under the FDCPA, and (5) an award of Debtor's attorney's fees and costs for prosecution of the adversary proceeding.

## II. Standard for Dismissal under Fed. R. 12(b)(6)

A motion to dismiss a complaint under Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the case. See 10 Wright, Miller and Kane, Federal Practice and Proce-

dure: Civil 2d § 2713 at 2221 (West 1998). In determining a motion to dismiss under Federal Rule 12(b)(6), the court must accept all factual allegations as true and construe all inferences from those allegations "in a light most favorable for the plaintiff." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993). "However, the court need not accept as true a legal conclusion couched as a factual allegation." Soli-Tech, Inc. v. Halliburton Co., No. 91–CV–10232–BC, 1993 WL 315358 at 3 (E.D.Mich. Jan. 26, 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mayer, 988 F.2d at 638, quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Motions to dismiss for failure to state a claim are not favored, and will be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding the motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations in the complaint as true. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993).

## III. Analysis

### A. Plaintiff's FDCPA claims are barred because they are premised on conduct remedied or governed by the Bankruptcy Code.

#### 1. The FDCPA does not apply to the Proof of Claim

 Plaintiff claims that Trott violated the FDCPA when it filed Bank One's Proof of Claim and included attorney fees, costs, and advances which Plaintiff asserts

are not allowed by agreement or by law. Thus, this Court must determine whether a debtor can file an FDCPA claim premised on the filing of a proof of claim in a Chapter 13 case. While there is no Sixth Circuit case law directly on point, courts in other jurisdictions which have addressed the issue on similar facts have held such claims to be precluded by the Bankruptcy Code.

In *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 U.S. Dist. LEXIS 6933, 1999 WL 284788 (N.D.Ill.1999), the plaintiff, a Chapter 13 debtor, sought recovery under the FDCPA for the defendant law firm's practice of filing Chapter 13 claims that demanded payment of interest not authorized by law.

In granting the defendant's motion to dismiss, the court first noted that the case raised a potential conflict between two federal statutes because the plaintiff's

> complaint [sought] to produce an external challenge to alleged wrongdoing that occurred during bankruptcy proceedings, which were governed by 'the complex detailed and comprehensive provisions of the lengthy Bankruptcy Code,' which 'create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike.'

*Baldwin*, 1999 WL 284788, at *2 (quoting *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 913 (9th Cir.1996)). In reconciling the conflict, the *Baldwin* court found that the FDCPA was designed to help consumers avoid bankruptcy and was applicable only *before* a bankruptcy petition was filed. Once a bankruptcy is filed, its provisions are not applicable and a debtor's remedies are limited to those provided in the Bankruptcy Code.

The *Baldwin* court's analysis was guided by the U.S. Supreme Court's decision in

*Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). In that case, the Supreme Court held that the wage garnishment limitation provisions of the Consumer Credit Protection Act (15 U.S.C. § 1601 *et seq.*) did not limit a bankruptcy trustee's authority to treat a bankrupt debtor's income tax refund as property of the debtor's estate. *Id.* at 650–52, 94 S.Ct. 2431. In analyzing the relationship between the Consumer Credit Protection Act and the Bankruptcy Code, the Supreme Court specifically found that "the Consumer Credit Protection Act sought to prevent consumers from entering bankruptcy in the first place. However, if despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act." *Id.* at 650, 94 S.Ct. 2431.

Beyond the reasoning of *Kokoszka*, the *Baldwin* court cited several other problems arising from the application of the FDCPA in bankruptcy. The court noted that applying the FDCPA to bankruptcy proofs of claim could discourage creditors from filing claims ("thus, defeating the point of brining all claims together in one proceeding") and encourage debtors "to ignore the procedural safeguards within the Bankruptcy Code, such as the right to object to proofs of claim and to seek sanctions against creditors who violate provisions within the Bankruptcy Code, in favor of the FDCPA." *Baldwin*, at *5.

> Indeed, it appears that that is precisely what occurred in this case, for the record in the Bankruptcy Court shows that the debtor and his attorney were well aware of the alleged flaws in Defendant's proof of claim but chose not to object to the claim in favor of filing the present case. The practice of debtors deliberately bypassing the Bankruptcy Code's objection process in favor or al-

ternative litigation would undermine the entire bankruptcy system. *Id.* The logic of the *Baldwin* case has been followed by several other courts faced with the prospect of a FDCPA in the context of a bankruptcy proceeding. *See e.g. Degrosiellier v. Solomon & Solomon, P.C.,* 2001 WL 1217181 (N.D.N.Y.2001); *Diamante v. Solomon & Solomon P.C.,* 2001 WL 1217226 (N.D.N.Y.2001); *Cooper v. Litton Loan Servicing (In re Cooper),* 253 B.R. 286 (Bankr.N.D.Fla.2000); *Gray–Mapp v. Sherman,* 1999 WL 1893911 (N.D.Ill.1999).

This Court finds the *Baldwin* case to be well-reasoned and persuasive. The purpose of the Fair Debt Collection Practices Act is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Within the context of a bankruptcy, its protections are not needed because the Bankruptcy Code's automatic stay is in place and each step of the bankruptcy proceeding is overseen by the court. If a creditor violates the stay, abuses the debtor, or otherwise impedes the progress of the case, a debtor need only file a motion with the Court seeking relief. Bankruptcy courts are given broad discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

Like the Plaintiff in *Baldwin,* the Plaintiff in the case at bar was aware of the alleged flaws in Bank One's proof of claim (the inclusion of allegedly impermissible attorney fees and costs) and did not file an objection to the Proof of Claim. Pursuant to the Bankruptcy Code and Rules, had an objection been timely filed, the Court would have scheduled a hearing on the objection in order to determine whether the fees and costs were permissible. Plaintiff cannot now, more than three years after the Proof of Claim was filed, seek to object to the amount of the claim by re-casting it as a claim under the Fair Debt Collection Practices Act.

**2. *Plaintiff's FDCPA claims are barred by the Statute of Limitations***

Even if this Court were not persuaded by *Baldwin* that a FDCPA claim is not permissible in the context of a bankruptcy proceeding, Plaintiff's FDCPA claim relating to the filing of the Proof of Claim is time barred. Claims arising under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations is a jurisdictional limitation placed on federal courts by Congress which courts "are not at liberty to disregard." *Mattson v. U.S. West Communications,* 967 F.2d 259, 262 (8th Cir. 1992). The Proof of Claim at issue in this case was filed on February 28, 2002. Plaintiff's adversary complaint was filed on September 22, 2005, more than three years after the Proof of Claim was filed and well outside of the one year window provided by the statute.

Plaintiff attempts to avoid the statute of limitations problem by asserting that its claim is raised defensively under the doctrine of recoupment. As explained by the United States Supreme Court in *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), "[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action is timely." *Id.* at 262, 55 S.Ct. 695.

■ To determine whether a recoupment claim is raised as a defense, Plaintiff must satisfy a three part test: (1) the alleged statutory violation and the creditor's debt "arose from the same transaction", (2) the plaintiff is asserting her claim as a defense, and (3) the "main action" is timely. *Coxson v. Commonwealth Mortgage Co. of America (In re Coxson)*, 43 F.3d 189, 193 (5th Cir.1995) (citation omitted). All three elements must be satisfied to maintain a recoupment defense. *Id.*

Plaintiff's argument appears to be that defendant Trott is asserting a claim for attorney fees by including those fees in the Proof of Claim, and Plaintiff is defending against those fees by way of its adversary complaint. That argument misses the mark. Plaintiff confuses her mortgage creditors, Bank One and Homecomings Financial, with the law firm that represents those creditors in the mortgage foreclosure proceeding and the bankruptcy. Assuming, *arguendo*, that there is a right of recoupment, the right can only be asserted against *creditors*, that is, Bank One and Homecomings. Plaintiff's failure to distinguish between creditors and the law firm that represents them leads to Plaintiff's mischaracterization of the attorney fees sought in the Proof of Claim. The fees in the Proof of Claim are not sought on behalf of Trott, but by Bank One as part of its contractual remedy when Plaintiff defaulted on the mortgage. Plaintiff cannot satisfy the most basic element of a recoupment claim because the alleged statutory violation of the FDCPA (i.e. Trott's inclusion of attorney fees in the proof of claim) did not arise from the same transaction as the creditor's debt (i.e. Bank One's note and mortgage).

Because Plaintiff's FDCPA claim is not timely under the statute and cannot be properly characterized as recoupment, it is time barred.

## B. *Application of the FDCPA to the Motion for Lift of Stay*

■ Plaintiff's Complaint seeks FDCPA damages arising from Trott's filing of a Motion for Lift of Stay on behalf its client Bank One. Plaintiff alleges that the Motion improperly includes $800 of attorney fees which should have been requested pursuant to Fed. R. Bankr.P. 2016. While *Baldwin* holds only that Plaintiff cannot maintain a FDCPA claim premised on the filing of a proof of claim in bankruptcy, its logic is directly applicable and equally persuasive when applied Plaintiff's FDCPA claim premised on the filing of the Motion for Lift of Stay under 11 U.S.C. § 362(d).

Relief from the automatic stay is controlled by section § 362(d) of the Bankruptcy Code. That section provides in part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization

Stay litigation is limited to the issues of adequate protection, equity in the property, and necessity of the property to the reorganization. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 741 (9th Cir.1985).

To the extent that the issue of the $800 attorney fee affects the amount of equity in Plaintiff's property, the issue can be directly addressed at the hearing on the

Motion for Lift of Stay. An independent claim under the FDCPA arising from the inclusion of the attorney fees is unnecessary and appears to be a deliberate attempt to bypass the requirements of 11 U.S.C. § 362.

### C. *Trott & Trott is not required to file a fee application under Fed. R. Bankr. P.2016*

■ Defendant Trott & Trott is involved in this case only as bankruptcy counsel for creditors Bank One and Homecomings Financial, not as a creditor itself. On the facts before the Court, Trott is not required to file a fee application under Fed R. Bankr.P. 2016. Rule 2016 requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses **from the estate** shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." (Emphasis added).

Plaintiff is confusing her creditors (Bank One and Homecomings) with the law firm representing the creditors (Trott & Trott). The attorney fees included in the claim and sought as part of the relief requested in the Motion for Lift of Stay are sought by the *creditors*, not by Trott & Trott. Plaintiff's mortgage with defendants Bank One and Homecomings include a contractual provision allowing the mortgagees to recover reasonable attorney fees in the event of a mortgage default. Plaintiff defaulted on her mortgage payments, and defendants Homecomings and Bank One seek recovery of their contractual remedy. The attorney fees at issue in this case are part of a contractual obligation owed to creditors, not attorney fees owed to professionals employed pursuant to 11 U.S.C. § 327 and compensated under 11 U.S.C. § 330.[1]

As stated above, there is no doubt that defendant Trott is receiving payment for its services, but it is receiving payment directly from its clients, defendants Homecomings and Bank One. Trott is not attempting to collect the attorney fees incurred for representing Homecomings and Bank One directly from the estate. Rule 2016 simply does not apply to Trott and Trott.

### III. *Conclusion*

For the foregoing reasons, the Plaintiff's Complaint is DISMISSED in its entirety as to defendant Trott & Trott.

1. 11 U.S.C. § 327(a) (Employment of professional persons) provides:

 Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional person, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

 11 U.S.C. § 330 (Compensation of officers) provides in relevant part:

 (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

 (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

 (B) reimbursement for actual, necessary expenses.