**In re Constance G. WILLIAMS, Debtor.**

**Constance G. Williams, Plaintiff,**

**v.**

**Asset Acceptance, LLC, Defendant.**

**Bankruptcy No. 9:07–bk–10393–ALP. Adversary No. 9:08–ap–00030–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

May 20, 2008.

Carmen Dellutri, The Dellutri Law Group, PA, Fort Myers, FL, for Plaintiff.

D. Brett Marks, Kluger Peretz Kaplan & Berlin PL, Miami, FL, for Defendant.

## ORDER GRANTING ASSET ACCEPTANCE, LLC'S MOTION TO DISMISS DEBTOR'S AMENDED COMPLAINT

ALEXANDER L. PASKAY, Bankruptcy Judge.

Consumer debtors' attempts to turn a simple claim resolution into a multiple-count adversary proceeding has been considered in the past by several courts and is precisely the issue currently being presented to this Court.

The matter under consideration in this Chapter 13 case of Constance G. Williams

(the Debtor) is a Motion to Dismiss Debtor's Amended Complaint filed by Asset Acceptance, LLC (Asset) on March 24, 2008 (Doc. No. 6).

The facts relevant to the resolution of the issues raised by Asset in its Motion to Dismiss are a matter of record, are without dispute and can be summarized as follows:

The Debtor filed her Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code on October 31, 2007. On November 27, 2007, Asset filed its Proof of Claim for an unsecured claim in the amount of $224.27. Rather than file an objection to Asset's claim, which is the proper way to challenge the allowance of a claim, the Debtor filed her Complaint in the above-captioned adversary proceeding on January 21, 2008, asserting that Asset's claim was time-barred under Florida law. The Debtor asserts that the statute of limitations for bringing such a claim for breach of a written instrument expires five years after the breach. The Debtor in her Complaint is seeking damages from Asset for a purportedly willful violation of the automatic stay. It should be noted at the outset that the claim in Count I is basically an objection to claim in the amount of $224.27, Needless to say, the objection could have been resolved without the necessity of a formal law suit being filed, taking into consideration the very unimpressive size of the amount of the claim filed by Asset, coupled with the reduced judicial labor needed to resolve an objection to claim.

Upon receipt of the Complaint, Asset forwarded case law to the Debtor to show that the claims were without merit and requested that the Debtor dismiss the Complaint in compliance of Fed. R. Bankr.P. 9011. Furthermore, Asset offered to withdraw its Proof of Claim to prevent the Debtor from incurring further legal fees. The Debtor rejected Asset's offer and filed her Amended Complaint (Doc. No. 5) (Amended Complaint) on March 3, 2008. Based on the same, Asset filed its Motion to Dismiss contending that the Debtor is attempting to make a mountain out of a molehill while failing to state a claim upon which relief can be granted. Asset argues that the claims arising under the Fair Debt Collection Practices Act (FDCPA) are precluded by the Bankruptcy Code, and the state law claims are preempted by the Code.

As noted above, the Debtor in her original Complaint objected to Asset's Proof of Claim, alleging that the claim was time-barred and the filing of such claim violated Fed. R. Bankr.P. 3001 and is, therefore, a violation of the automatic stay. The Debtor has since abandoned these claims and raises four new counts in her Amended Complaint.

In Count I of the Amended Complaint, the Debtor charged a violation of the FDCPA. In support of her claim, the Debtor alleges that Asset's filing of the Claim constitutes an attempt to collect a debt not permitted by law in violation of 15 U.S.C. § 1692f(1). Based on the foregoing facts, the Debtor is seeking an award of actual and/or statutory damages and legal fees pursuant to 15 U.S.C. § 1692k.

The claim in Count II of the Amended Complaint asserts that the acts of Asset resulted in harassment, oppression, or abuse of the Debtor in connection with the collection of a debt in violation of 15 U.S.C. § 1692(d). The Debtor asserts that as a result of Asset's actions, the Debtor has suffered monetary loss, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Debtor claims that she continues to be fearful, anxious, nervous and depressed. Based on the foregoing, the Debtor seeks actual and statutory dam-

ages in the total sum of $1,000.00. In addition to actual and statutory damages, the Debtor also claims that she is entitled to an award of legal fees.

The claim in Count III is based on the violation of the Florida Consumer Collection Practices Act (FCCPA). The Debtor contends that Asset has engaged in illegal debt collection practices pursuant to the obligation between the parties as defined in Fla. Stat. § 559.55(1). Furthermore, Asset has engaged in consumer collection conduct that violates Fla. Stat. § 559.72(9), and based on the same, the Debtor has sustained economic damages for which she is entitled to compensation pursuant to Fla. Stat. § 559.77. In addition to the above, the Debtor seeks an award of actual or statutory damages plus attorney fees.

The Debtor's claim in Count IV alleges Asset's violation of the Florida Deceptive and Unfair Trade Practices Act (FDUT-PA) pursuant to Fla. Stat. §§ 501.201, et. seq. In this Count, the Debtor alleges that Asset violated the Act by engaging in deceptive and unfair trade practices. Based on this, the Debtor claims that the wrongful conduct by Asset she has suffered is identical to the damages outlined in Count II of the Amended Complaint.

The interaction between the Bankruptcy Code and consumer protection legislation is involved in several different attempts by debtors to by-pass the remedies available under the Bankruptcy Code and assert claims for damages under consumer protection legislation passed by Congress.

In the matter of *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), the Supreme Court held that despite the protection rendered to consumers under the FDCPA, the debtor's protection remedy remained under the Bankruptcy Code. Based on *Kokoszka*, several courts have held that claims brought pursuant to the FDCPA are pre-

cluded when such claims are based upon a post-petition violation that can be remedied under the Bankruptcy Code. *See Betty Jean McCarther–Morgan v. Asset Acceptance, LLC*, Adv. Case No. 07–90654–M13 (Bankr S.D. Ca. March 12, 2008); *Rice–Etherly v. Bank One (In re Rice–Etherly)*, 336 B.R. 308 (Bankr.E.D.Mich.2006) (holding that the FDCPA did not apply to the proof of claim filed in the bankruptcy case); *Degrosiellier v. Solomon & Solomon, P.C.*, No. 00–CV–1065, 2001 WL 1217181 at 4 (N.D.N.Y. Sept.27, 2001) (holding that the Bankruptcy Code precludes a claim brought pursuant to the FDCPA where such violation by a defendant can be remedied by the Bankruptcy Code); *Kaiser v. Braje & Nelson, LLP*, No. 3:04–CV–405 RM, 2006 WL 1285143 (N.D.Ind. May 5, 2006) (Holding FDCPA claims are pre-empted by the Bankruptcy Code remedies such as the filing of an objection to the claim).

In the case of *Cooper v. Litton Loan Servicing (In re Cooper)*, 253 B.R. 286, 291 (Bankr.N.D.Fla.2000), the court held that "the filing of a proof of claim in a bankruptcy proceeding does not trigger the FDCPA, and fails to state a cause of action under the Act. *See Baldwin v. McCalla, et al.*, 1999 WL 284788 (N.D.Ill.1999). The debtor can only attack a proof of claim in the bankruptcy court, and only by using remedies provided in the Bankruptcy Code."

This Court would not be candid in its analysis if it did not acknowledge other courts' applications of the FDCPA in bankruptcy cases. Other courts have considered whether the FDCPA should be applied with respect to the automatic stay or dischargeability. However, applying the FDCPA to issues involving the automatic stay or dischargeability is different than the issues surrounding the creditor's right to file a claim in a bankruptcy case. For

example, in the case of *Turner v. J.V.D.B. & Associates, Inc.,* 330 F.3d 991 (7th Cir. 2003), the Seventh Circuit applied the FDCPA when a debt collector sent a post-petition letter to collect a debt discharged in bankruptcy from a former Chapter 13 debtor. The Seventh Circuit again applied the FDCPA in the case of *Hyman v. Tate,* 362 F.3d 965 (7th Cir.2004), which also involved a letter sent to a Chapter 13 debtor by a collection agency; however, the court ultimately held that the collection agency was protected by bona fide error defense under the FDCPA. In the case of *Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir.2004), the court applied the FDCPA to a violation of the automatic stay, noting that Section 362 of the Bankruptcy Code merely overlapped with the FDCPA and did not pre-empt it.

However, the facts of this case can be distinguished from cases involving the applicability of the FDCPA to violations of the automatic stay and dischargeability issues. In the cases of *Turner, Hyman,* and *Randolph,* the collection agencies sent letters that violated both the Bankruptcy Code and the FDCPA. Here, Asset did not engage in any wrongful conduct by filing a proof of claim. To hold otherwise would undermine the rights of creditors in the bankruptcy process. The creditor's right to file a claim is not impacted by whether the statute of limitations had run, as the debtor must raise the statute of limitations issue as an affirmative defense, and even then the court still must determine whether it has tolled and run. The debtor does not need the FDCPA to protect itself from improper claims, as the Bankruptcy Code allows the debtor to file an objection. If this Court was to apply the FDCPA in this instance, debtors would be encouraged to file adversary proceedings instead of simply an objection to the creditor's claim, which is incredibly ineffi-

cient and undermines the process provided by the Bankruptcy Code.

Based on the overwhelming authorities supporting Asset's contentions, that FDCPA claims are precluded by the Bankruptcy Code, this Court is satisfied that Asset's request for dismissal with respect to the claims asserted in Counts I and II of the Amended Complaint is well taken and, therefore, should be granted.

This leaves for consideration the Debtor's claim asserted in Count III of the Amended Complaint that is based on the violation of the FCCPA. Violations of the FCCPA have also been challenged and considered by several courts. These court have concluded that under the Supremacy Clause of the United States Constitution, the FCCPA is pre-empted by bankruptcy law. Pursuant to Article VI, Clause 2, of the United States Constitution, the Supremacy Clause provides Congress with the power to pre-empt state law. Pre-emption is established when (i) Congress explicitly states that state law is superseded, (ii) in the absence of an explicit statutory language, or (iii) when the state law conflicts with that federal law. *English v. General Electric Co.,* 496 U.S. 72, 78–79, 110 S.Ct. 2270, 110 L.Ed.2d 65(1990).

This Court is satisfied that the overwhelming majority of courts who have addressed the identical issue have held that the Bankruptcy Code pre-empts state law claims arising from an abusive bankruptcy filing or other wrongful conduct committed during the course of a bankruptcy case. *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910 (9th Cir. 1996). The Ninth Circuit in *MSR Exploration* held that the Bankruptcy Code pre-empts malicious prosecution of a claim against creditors for pursuing claims in a Chapter 11 case. The Ninth Circuit considered a number of factors which compelled the conclusion of the court's deci-

sion, such as, Congress placed bankruptcy jurisdiction exclusively in the Unites States District Court to be referred to as the Bankruptcy Court pursuant to 28 U.S.C. 157(a) and 1334(a). Next, the complex and detailed Bankruptcy Code demonstrated "the need to jealously guard the bankruptcy process from even slight incursions and disruptions brought about by state malicious prosecution actions." *Id.* at 914. Furthermore, the bankruptcy law requires uniformity, and Congress provides various remedies designed to preclude misuse, including Fed. R. Bankr.P. 9011 and Bankruptcy Code Sections 105 and 303. *Id.* at 914–15.

Various other courts that have considered the identical problem have uniformly held that if there is a state law that arose in a bankruptcy filing, the Bankruptcy Code pre-empts state law claims. *Gonzales v. Parks*, 830 F.2d 1033 (9th Cir. 1987), *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115 (D.Md.1995), *Glannon v. Garrett & Assoc., Inc.*, 261 B.R. 259, 262 (D.Kan.2001) (holding that the Bankruptcy Code pre-empted state law claims based on (i) violation of Sections 303 and 362 on the Bankruptcy Code (ii) malicious prosecution of the bankruptcy case and the adversary proceeding (iii) abuse of process for the prosecution of the involuntary bankruptcy case and the adversary proceeding).

Florida case law also holds that no action taken in a bankruptcy proceeding can be the basis of a claim for malicious prosecution or abuse of the process. *Mullin v. Orthwein*, 772 So.2d 30 (Fla. 4th Dist.Ct. App.2000). The Fourth Circuit in the case of *Mullin* quoted the decision of the Superior Court of Pennsylvania in the case of *Shiner v. Moriarty*, 706 A.2d 1228, 1238 (Pa.Super.1998). The *Shiner* court noted that "the Bankruptcy Code permits no state law remedies for abuse of its provi-

sions" and the plaintiffs' claim "being based on the defendants' conduct in the bankruptcy proceeding is pre-empted by the Bankruptcy Code." *Mullin*, 772 So.2d at 33 (quoting *Shiner*, 706 A.2d at 1238). Based on the foregoing authorities, this Court is satisfied that Count III cannot be sustained based on the reasons stated above and, therefore, the claim is equally subject to dismissal.

 The claim in Count IV of the Amended Complaint seeks to recover damages based on Asset's Violation of the FDUTPA, This Count is being challenged by Asset on the basis that the Debtor failed to allege that Asset had actual knowledge or intent to enforce a debt that was time barred, which is an essential element of a claim under the Act and, therefore, fails to state a claim for which relief can be granted. To establish a claim pursuant to the FDUTPA, the claimant must allege that there was: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F.Supp.2d. 1350 (M.D.Fla.2007). Under Florida law, a deceptive practice is one that is "likely to mislead" consumers. *Davis v. Powertel, Inc.*, 776 So.2d 971, 974 (Fla. 1st Dist.Ct.App.2000). The unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So.2d 489, 499 (Fla. 4th Dist.Ct.App. 2001) (quoting *Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287, 293 (7th Cir.1976)).

The claim in Count IV of the Amended Complaint fails to allege a single deceptive act or unfair practice that caused the Debtor to incur actual damages. In Paragraph 46 of the Amended Complaint, the Debtor contends she suffered damages based on Asset's wrongful acts, and based

on the same, has suffered mentally and emotionally. Furthermore, the Debtor contends that based on Asset's unfair and deceptive actions, she continues to suffer from fright, anguish, shock, nervousness, anxiety, humiliation and depression; therefore, she is entitled to statutory and actual damages.

The most ironic pleading and obscured contention is that the Debtor continues to be fearful, anxious, nervous, and depressed in light of the fact that Asset from the beginning offered to withdraw its Proof of Claim, which is the center point of the entire controversy. The FDUTPA was designed to "protect the consuming public and legitimate enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla.App. 2d. Dist.2006). In the present instance, Asset filed its Proof of Claim in the above-captioned Chapter 13 case. Such a filing does not constitute trade or commerce and, therefore, would not constitute a violation of the FDUTPA. Based on the foregoing, this Court is satisfied that this claim is thereby subject to dismissal.

In conclusion, this Court cannot help but to make the following comments for the guidance of the Bar in the future. This Court's view of the Amended Complaint filed by the Debtor is a paradigm or a so-called attempt of creative lawyering to make a mountain out of a molehill and to transform a simple claim resolution process into an extensive and expensive proceeding. It is this Court's opinion that such a proceeding is totally needless, specifically, when the litigation involves nothing more than an objection to the claim. In this Court's opinion, even filing an invalid proof of claim would be insufficient to form the basis for the claims attempted to be asserted under the FDCPA or the Florida equivalents, the FCCPA and FDUPTA, in light of existing authority. To accept the proposition that the statutes created an alternative method to challenge a proof of claim in bankruptcy would open the floodgate for unnecessary and expensive litigation, replacing the simple procedure for dealing with an objection to the allowance of a claim. This cause of action would be totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships. The Proof of Claim filed by Asset in the "gross" amount of $224.27 is a claim that could not have had any meaningful impact on the outcome of any Chapter 13 case, much less, a momentous significance to the Chapter 13 Plan of the Debtor. Based on the foregoing, this Court is satisfied that Asset Acceptance, LLC's Motion to Dismiss Debtor's Amended Complaint should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Asset Acceptance, LLC's Motion to Dismiss Debtor's Amended Complaint (Doc. No. 6) be, and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned adversary proceeding be, and the same is hereby dismissed with prejudice.