**In re Keith Roland PARISEAU, Theresa Lynnette Pariseau, Debtors.**

**Keith Roland Pariseau, Theresa Lynnette Pariseau, Plaintiffs,**

**v.**

**Asset Acceptance, LLC, Defendant.**

Bankruptcy No. 08–1606.
Adversary No. 08–ap–00142.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 24, 2008.

Brett A. Mearkle, Mickler & Mickler, Jacksonville, FL, for Plaintiffs.

Eyal Berger, Kluger, Peretz, Kaplan & Berlin, Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JERRY A. FUNK, United States Bankruptcy Judge.

This Proceeding is before the Court upon Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, which is based upon alleged violations of the Federal Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the Florida Deceptive and Unfair Trade Practices Act. In response to Defendant's Motion to Dismiss, Plaintiffs filed a response in opposition to the Motion, to which Defendant filed a reply. Based upon a review of the pleadings and applicable law, the Court finds it appropriate to grant Defendant's Motion to Dismiss.

### Background

On March 25, 2008, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Abuse Prevention and Consumer Protection Act. On April 15, 2008, Defendant filed three proofs of claim in Plaintiffs' Chapter 13 case. The proofs of claim were for unsecured debt in the amount of $1,430.54. On May 21, 2008, Plaintiffs filed the instant adversary proceeding based upon alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In response to the complaint, Defendant offered to withdraw the claims at issue. Plaintiffs choose not to accept Defendant's offer to withdraw the claims, and instead filed an Amended Complaint, which is the subject of the instant Motion.

### Analysis

The Supreme Court has held that despite the protections afforded to consumers pursuant to consumer protection legislation a debtor's remedy for protection remains under the Bankruptcy Code. *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974)(in addressing the applicability of the Consumer Credit Protection Act, of which the FDCPA is a part, the Supreme Court stated, "the Consumer Credit Protection Act sought to prevent consumers from entering bankruptcy in the first place. However, if despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act"); *see also In re Varona,* 388 B.R. 705, 719 (Bankr.E.D.Va.2008) (stating that, "it appears that a majority of courts that have considered whether a proof of claim may be the subject of a FDCPA violation have concluded the FDCPA is not intended to

provide a remedy for claims filed in a bankruptcy proceeding"); *In re Walker*, 336 B.R. 534 (Bankr.M.D.Fla.2005)(stating that the Consumer Credit Protection Act is preempted by the Bankruptcy Code); *In re Cooper*, 253 B.R. 286, 291 (Bankr.N.D.Fla.2000)(holding "the filing of the proof of claim in a bankruptcy proceeding does not trigger the FDCPA, and fails to state a cause of action under that Act"); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, Case No. 98–C–4280, 1999 WL 284788, at *4 (N.D.Ill. Apr. 26, 1999)("a key function of the FDCPA provisions of the Consumer Credit Protection Act was to eliminate practices that 'contribute to the number of personal bankruptcies.' Neither set of provisions demonstrates even the slightest intent on the part of Congress to interfere with the intricate workings of the bankruptcy system."). In addition to stating that the bankruptcy system would be undermined by allowing debtors to proceed under the FDCPA, the court in *Baldwin* also stated that, "application of the FDCPA to bankruptcy proofs of claim would be inconsistent with prior bankruptcy practice and inappropriate pursuant to the clear statement rule." *Baldwin* at *4.

■ The Court also notes that although other courts have applied the FDCPA in bankruptcy cases, they have done so only in the very *narrow* context of situations involving the automatic stay or dischargeability. For instance, the Seventh Circuit held that the FDCPA applied when a creditor sent a post-petition collection notice in an attempt to collect a debt that had been discharged by the former Chapter 13 debtor's case. *Hyman v. Tate*, 362 F.3d 965 (7th Cir.2004), *see also Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir.2004)(applying the FDCPA to a violation of the automatic stay). However, the instant proceeding does not deal with the applicability of the FDCPA to violations involving the automatic stay or dischargeability. Accordingly, the Court does not find the case law submitted by Plaintiffs to be persuasive, especially in light of the numerous decisions which hold that FDCPA claims that arise from the filing of a proof of claim during the pendency of a bankruptcy proceeding are precluded by the available remedies Congress enumerated in Title 11 of the United States Code.[1]

■ In regards to Plaintiffs' ability to successfully bring claims pursuant to the FCCPA and FDUPTA, the case law is

---

1. The Court does not find the non-binding authority cited to in Plaintiffs' "Notice of Supplemental Authority" to be persuasive. The court in *Rogers v. B–Real, LLC, (In re Rogers)*, 391 B.R. 317 (Bankr.M.D.La.2008), relied upon the decision issued in *Randolph* in denying a motion to dismiss as to FDCPA claims upon the basis that it was not possible to conclude that the debtors could not prove facts entitling them to relief under the FDCPA. As stated above, *Randolph* is distinguishable from the instant proceeding and accordingly the Court respectfully disagrees with the *Rogers* court's reliance upon *Randolph* in reaching its holding. Additionally, the Court finds the remaining *non-binding* authority cited to by Plaintiff to be distinguishable from *specific* factual circumstances involved in the instant proceeding. For ex-

ample, the case of *Kimber v. Federal Financial Corporation*, 668 F.Supp. 1480 (M.D.Ala. 1987), was not a bankruptcy case and dealt with a small claims court law suit, not a proof of claim. The unpublished opinion of *Chaussee v. B–Real*, LLC, 2008 Lexis 1026 (Bankr. W.D.Was. March 25, 2008) is also distinguishable as it involved a creditor who filed a proof of claim against the wrong debtor. In reaching its decision that the debtor's FDCPA claims would not be precluded by the Bankruptcy Code, the court in *Chaussee* specifically focused on the fact that a debtor-creditor relationship did not exist. The court reasoned that, "the bankruptcy laws do not generally apply to third parties who have no relationship to the debtor or the debtor's assets." *Id.* at *10.

equally as clear. As the Supreme Court has stated, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The Supremacy Clause of the United States Constitution provides Congress with the ability to preempt state law. Preemption is established when (i) Congress explicitly states that state law is superceded, (ii) in the absence of explicit statutory language, or (iii) when a conflict arises between the state and federal law. *English v. General Electric Co.*, 496 U.S. 72, 78–79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). Defendant accurately asserts that the vast majority of courts have held that the Bankruptcy Code preempts state law claims allegedly arising from an abusive bankruptcy filing or other wrongful conduct committed during the course of a bankruptcy case. *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir.1996), *Gonzales v. Parks*, 830 F.2d 1033 (9th Cir.1987), *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115 (D.Md.1995), *Mason v. Smith*, 140 N.H. 696, 672 A.2d 705 (N.H.1996); *Glannon v. Garrett & Assoc., Inc.*, 261 B.R. 259, 262 (Bankr.D.Kan.2001). For example, in *MSR Exploration*, the court held that the Bankruptcy Code preempts malicious prosecution of a claim against creditors for pursuing claims in a Chapter 11 case. *Id.* at 914. In reaching its decision, the Ninth Circuit recognized that uniformity is essential in bankruptcy law and that Congress has provided remedies to preclude misuse, including Bankruptcy Code §§ 105 and 303 and Fed. R. Bankr.9011.[2] *Id.* at 914–15. Based upon the doctrine of preemption, the Court finds that Plaintiffs' claims pursuant to the FCCPA and FDUPTA are subject to dismissal.

■ The Court also notes that this proceeding deals with a situation that should have been handled in the main case, the manner in which objections to claims have historically been dealt with. However, instead of being treated as the routine matter it is, a formal lawsuit was filed, which will likely cost the parties involved both resources and funds significantly above and beyond what was needed in order to reach a resolution. Although this Court would not expect a non-bankruptcy practitioner to understand the overwhelming significance of how the "floodgates of litigation" would be opened by allowing this type of suit to proceed, it does expect those who practice before this Court regularly to appreciate the significance. One of the core fundamentals in bankruptcy is a creditor's right to file a proof of claim, which is presumed to be prima facie valid until an objection is filed.[3] It is an efficient process that gives all sides an opportunity to assert their position. Typically, the majority of objections to claims are either worked out amongst the parties themselves, or if a hearing is necessary, the objection can usually be resolved within 5–10 minutes of the Court's time. Therefore, given the thousands of cases filed annually, coupled with the high volume of claims filed in each case, it is essential that practitioners appearing be-

2. Case law in Florida also holds that an action taken in a bankruptcy proceeding cannot be the basis for malicious prosecution or abuse of process claims. *Mullin v. Orthwein*, 772 So.2d 30 (Fla. 4th Dist.Ct.App.2000).

3. The Defendant did not do anything atypical or improper by merely *filing* its proof of claim and to find otherwise would chill creditor's rights in the bankruptcy process, as well as undermine the very mechanisms that are set forth by the Bankruptcy Code to deal with such issues.

fore this Court respect the claims process so that significant judicial resources are not squandered on matters that can be so very easily resolved.[4]

It is also worth noting that in a recent unpublished opinion that, dealt with facts virtually identical to those presented in the instant proceeding, Judge Paskay, echoed similar sentiments when he eloquently stated:

> In conclusion ... for the guidance of the Bar in the future. This Court's view of the Amended Complaint filed by the Debtor is a paradigm or a so-called attempt of creative lawyering to make a mountain out of a molehill and to transform a simple claim resolution process into an extensive and expensive proceeding. It is this Court's opinion, even filing an invalid proof of claim would be insufficient to form the basis for the claims attempted to be asserted under the FDCPA or the Florida equivalents, the FCCPA and FDUPTA, in light of existing authority. To accept the proposition that the statutes created an alternative method to challenge a proof of claim in bankruptcy would open up the floodgate for unnecessary and expensive litigation, replacing the simple procedure for dealing with an objection to the allowance of a claim. This cause of action would be totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships. *Williams v. Asset Acceptance (In re Williams)*, 392 B.R. 882 (M.D.Fla. 2008).

Based upon the above, it is ORDERED:

1. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is Granted.

2. The Adversary Proceeding is dismissed with prejudice.

---

4. In the instant proceeding, as Plaintiff offered to withdraw the claims in dispute, there was no need at all for court intervention.