NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3431
_____

DENNIS A. RHODES; GERARD A. BENDER; EDWARD H. WOLFERD, JR.,
individually and on behalf of all others similarly situated,

Appellants

v.

ROSEMARY DIAMOND; FRANCIS S. HALLINAN; DANIEL G. SCHMIEG;
LAWRENCE T. PHELAN; JUDITH T. ROMANO; FRANCIS FEDERMAN;
THOMAS M. FEDERMAN; PHELAN HALLINAN & SCHMIEG, LLP;
FEDERMAN & PHELAN, LLP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cv-01302)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011

Before: BARRY, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed: April 28, 2011)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Dennis A. Rhodes, Gerald A. Bender, and Edward H. Wolferd, Jr., individually and as named representatives of a putative class, appeal from the District Court's order dismissing their complaint and denying their motion for leave to amend. We will vacate the order and remand for further proceedings.

I

Because we write for the parties, who are familiar with the facts and procedural history, we summarize them only briefly.

On March 25, 2009, Rhodes, Bender, and Wolferd (collectively, Appellants) filed on behalf of themselves and all similarly situated individuals a complaint against the law firm of Phelan Hallinan & Schmieg, LLP (formerly Federman & Phelan, LLP) and seven PHS attorneys (collectively, PHS) seeking damages and injunctive relief for violations of: (a) the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962 *et seq.*, (b) equivalent Pennsylvania state statutes (*i.e.*, the Fair Credit Extension Uniformity Act, 73 PA. CONS. STAT. ANN. § 2270.1 *et seq.*, and the Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. ANN. § 201-1 *et seq.*), and (c) Pennsylvania and New Jersey common law governing tortious interference with contractual relations.

The essence of the complaint was that PHS illegally increased the debts of Appellants and others by filing in bankruptcy courts proofs of claim that included artificially inflated mortgage foreclosure fees. Specifically, the complaint alleged that

2

PHS factored into its proofs of claim deposits necessary to initiate sheriffs' sales, but failed to amend the proofs of claim when the sheriffs' sales were cancelled and some portion of the fees were refunded to the mortgagee.

PHS moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that any issues arising from proofs of claim must be litigated in the bankruptcy court. Appellants opposed the motion and sought leave to amend their complaint under Rule 15(a)(2). The proposed amended complaint added defendants Wells Fargo & Company, Wells Fargo Bank, NA, Countrywide Financial Corporation, Countrywide Home Loans Servicing, LP, Countrywide Home Loans, Inc., and Bank of America (collectively, Lenders). It also included new bases for relief, including FDCPA and state law claims arising from PHS's and Lenders' attempts to collect debts of borrowers who had resolved their debts through loan modifications or distress sales without ever filing for bankruptcy.

The District Court dismissed the complaint with prejudice, finding that PHS's "failure to promptly amend [proofs of claim] form[ed] the basis for all of [Appellants'] claims" and the Appellants "fail[ed] to provide any legal basis for . . . the existence of a duty to amend a Proof of Claim." *Rhodes v. Diamond*, Civil No. 09-1302, 2010 WL 2804821, at \*2 (E.D. Pa. July 14, 2010). The Court also found that the Appellants' causes of action "cannot serve to convert this bankruptcy matter into one that would be proper before this Court," but rather "redress for [Appellants'] allegations of 'systematic'

3

violations by [PHS] for filing allegedly inflated Proofs of Claims lie solely within the Bankruptcy Court." *Id.* at \*3, \*4. Consistent with that legal conclusion, the Court denied Appellants' motion for leave to amend, holding that "in light of the reasons for granting Defendants' Motion to Dismiss, amendment would be futile." *Id.* at \*1 n.1.

## II

Appellants argue that the District Court erred by dismissing their initial complaint and denying their motion for leave to amend.[1] "We review a district court's decision granting a motion to dismiss under a plenary standard," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009) (citation omitted), and its "decision to deny [a] request to amend for abuse of discretion," *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citation omitted). A district court abuses its discretion when it fails to provide justification for denying leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the District Court correctly found that Appellants' claims arising from PHS's conduct in bankruptcy proceedings—*i.e.*, its filing of, and subsequent failure to amend, allegedly inflated proofs of claim—cannot give rise to FDCPA or state law causes of action. *See, e.g.*, *In re Chaussee*, 399 B.R. 225, 239 (B.A.P. 9th Cir. 2008) ("Attempting to reconcile the debt validation procedure contemplated by FDCPA with the claims objection process under the [Bankruptcy] Code results in the sort of confusion and

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291.

conflicts that persuades us that Congress intended that FDCPA be precluded in the context of bankruptcy cases."); *In re Pariseau*, 395 B.R. 492, 495 (Bankr. M.D. Fla. 2008) ("[T]he vast majority of courts have held that the Bankruptcy Code preempts state law claims allegedly arising from an abusive bankruptcy filing or other wrongful conduct committed during the course of a bankruptcy case." (citations omitted)).  To the extent Appellants' proposed amended complaint simply brings the same claims against additional defendants, it would be futile for the reasons explained in the District Court's memorandum accompanying its order dismissing the initial complaint.

As Appellants correctly note, however, the proposed amended complaint is broader than the initial complaint insofar as it alleges FDCPA and state law violations involving homeowners who refinanced their loans or opted for distress sales, but did not file for bankruptcy.  The District Court did not address these alternative claims for relief, probably because they were scattered throughout Appellants' "extensive dissertation regarding the[] perceived victimization of mortgag[or]s throughout the economic downturn of the past several years." *Rhodes*, 2010 WL 2804821, at *2.  In light of our agreement with the District Court's holding regarding the futility of the claims made by putative class members who filed for bankruptcy, on remand, the parties and the District Court shall focus on claims asserted by non-bankrupt putative class members.

III

5

For the reasons stated, we will vacate the order of the District Court and remand for further proceedings consistent with this opinion.